[Civ. No. 50190. First Dist., Div. One. Feb. 18, 1982.]

RUSSEL W. HANF et al., Plaintiffs and Respondents, v. SUNNYVIEW DEVELOPMENT, INC., et al., Defendants and Appellants.

COUNSEL

Melvin L. Hawley and Myers, Hawley, Morley & Beban for Defendants and Appellants.

David L. Hodghead for Plaintiffs and Respondents.

OPINION

NEWSOM, J.—Following an arbitration hearing conducted under the authority of section 1141.11 of the Code of Civil Procedure, resulting in an award of damages to respondents in the amount of $15,519.95 on February 26, 1980, appellants filed a "Rejection of Arbitrator's Award" with the superior court on March 6, 1980, declaring that appellants "hereby reject the Arbitrator's Award made herein." The "Rejection" was mailed to counsel for respondents on March 4, 1980.

On March 18, 1980 appellants prepared and mailed to respondents and the superior court a document entitled "Trial De Novo," which declared that appellants "having previously rejected the arbitrator's award herein, hereby request that this Court set the matter for trial De Novo." The request for "Trial De Novo" was filed with the court on March 20, 1980.

The superior court thereafter entered judgment in accordance with the arbitrator's award pursuant to rule 1615(c) of the California Rules

of Court. This appeal followed denial of appellants' motion to set aside the judgment. (Code Civ. Proc., § 473.)

■ ■ ■ ■ Appellants claim, for the first time on appeal,[1] that they substantially complied with the rules governing rejection of arbitration awards, so that entry of judgment based upon that award was improper.

According to rule 1615(c) of the California Rules of Court, a judgment must be entered upon an arbitrator's award "forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a *request for trial* as provided in these rules."[2] (Italics added.) Rule 1616(a) provides that "within 20 days after the arbitration award is *filed* with the clerk of the court, any party may request a trial in the superior court by filing with the clerk a *request for trial....*"[3] (Italics added.) Rules 1615(c) and 1616(a) are

---

[1]Appellants did not specifically raise this issue in the trial court; the only issue presented there was the availability of a motion to set aside the arbitrator's award and judgment pursuant to section 473 of the Code of Civil Procedure. Appellants would thus be precluded from raising this issue on appeal except that it presents a strict question of law based upon evidence presented to the trial court and contained in the record on appeal. Where a theory advanced for the first time on appeal "presents only a question of law arising from facts which are undisputed, appellate review is authorized." (*People v. Mills* (1978) 81 Cal.App.3d 171, 175 [146 Cal.Rptr. 411]; see also *People v. Butler* (1980) 105 Cal.App.3d 585, 588 [164 Cal.Rptr. 475].)

Here, all facts relating to the legal sufficiency of the "Rejection of Arbitrator's Award"—the document itself—were presented to the court below and are contained in the record. Respondents have been given full opportunity to respond both factually and legally to the issue, but have elected to submit only the "Agreed Statement"—which includes only respondents' "Memorandum in Opposition to Set Aside Judgment" filed with the trial court—rather than a responsive brief. We will therefore consider the issue on appeal in light of the record presented.

[2]Rule 1615(c) of the California Rules of Court provides: "The clerk shall enter the award as a judgment forthwith upon the expiration of 20 days after the award is filed if no party has, during that period, served and filed a request for trial as provided in these rules. Promptly upon entry of the award as a judgment the clerk shall mail notice of entry of judgment to all parties who have appeared in the case and shall execute a certificate of mailing and place it in the court's file in the case. The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, except that it is not subject to appeal and may not be attacked or set aside except as provided in subdivision (d). The judgment so entered may be enforced as if it had been rendered by the court in which it is entered."

[3]Rule 1616(a) states: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial in the superior court by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. The 20-day period within which to request trial may not be extended."

based upon section 1141.20 of the Code of Civil Procedure, which directs: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court."[4]

Appellants concede that they did not strictly comply with either state or local rules of court, since their request for a "Trial De Novo" was not filed until March 20, 1980, 23 days after the arbitrator's award was filed with the court.[5] However, they claim that their "Rejection of Arbitrator's Award," filed well within the 20-day period, substantially complied with legal requirements and should thus be deemed a sufficient assertion of their right to a trial after arbitration. Appellants call upon this court to apply the doctrine of "substantial compliance" to the de novo trial request requirements of section 1141.20 and rules 1615(c) and 1616(a).

Neither section 1411.20 nor rules 1615(c) and 1616(a) expressly provide for a rule of substantial compliance with statutory directives. Both the statute and court rules simply direct that a "request for trial" must be filed within 20 days.

The local rules of the Santa Clara County Superior Court are more explicit; they require the party dissatisfied with an arbitration award to timely file (1) a request for trial; (2) a motion to restore the case to civil active list; and (3) an "At Issue Memorandum Certificate of Readiness." No provision is made for compliance which does not strictly satisfy these legal requirements.[6]

---

[4]Code of Civil Procedure section 1141.20 reads: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar."

[5]Case law has declared that the 20-day time limit of rules 1615(c) and 1616(a) runs from the date the arbitrator's award is filed, not from the receipt of the award by counsel for the parties, and that the 5-day extension found in Code of Civil Procedure section 1013, subdivision (a) is inapplicable. (*Trump* v. *Superior Court* (1981) 118 Cal.App.3d 411, 415 [173 Cal.Rptr. 403]; *Amoroso* v. *Superior Court* (1979) 89 Cal. App.3d 240, 242-243 [152 Cal.Rptr. 398].)

[6]Based upon rules 1615(c) and 1616(a), Santa Clara County has promulgated local Rules of Court which enumerate the requirements imposed upon parties seeking trial after an arbitration award. Rule 23-1.15(a) of the Santa Clara County Superior Court Rules of Court states: "Within twenty days after the filing of the arbitration award with the Clerk of the Court, any party may request a trial in the Superior Court by fil-

Appellants suggest, however, that application of a substantial compliance test is justified here, and we agree, finding authority for application of that test by analogy to other related areas of law—as, for example, the claim filing requirements of the tort claims act. (Gov. Code, § 900 et seq.) That act imposes specific requirements regarding the substantive content of a claim[7] which must be presented to a public entity within 100 days after accrual of a personal injury or property damage cause of action. (Gov. Code, § 911.2.) However, it is well-settled that "[w]here there has been an attempt to comply but the compliance is defective, the test of substantial compliance controls." (*Pacific Tel. & Tel. Co.* v. *County of Riverside* (1980) 106 Cal.App.3d 183, 188 [165 Cal.Rptr. 29]; see also *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 456 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) Since the function of the claims act is to apprise the governmental body of imminent legal action in order that it may investigate and evaluate the claim and, where appropriate, avoid litigation by settling meritorious claims our courts employ a test of substantial rather than strict compliance in evaluating whether a plaintiff has met its requirement. (*City of San Jose* v. *Superior Court, supra*, at p. 464; *Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App. 3d 70, 74 [135 Cal.Rptr. 621].) If a claim satisfies the purpose of the act without prejudice to the government, substantial compliance will be found. (*Elias* v. *San Bernardino Flood Control Dist., supra*; *Jamison* v. *State of California* (1973) 31 Cal.App.3d 513, 518 [107 Cal.Rptr. 496].)[8]

---

ing with the Clerk (1) a Request for Trial, (2) a Motion to restore the case to civil active list and, (3) a new Certificate of Readiness/At Issue Memorandum. All three documents should be filed with proof of service of a copy upon all other parties appearing in the action. The twenty day period within which to request trial may not be extended."

Rule 23.3 provides: "Within twenty days after the arbitration award is filed with the Clerk of the Court, any party may request a trial by filing with the Clerk a Request for trial after arbitration and At Issue Memorandum/Certificate of Readiness with proof of service upon all other parties appearing in the case."

[7]The applicable claims statute (Gov. Code, § 910) provides in part: "A claim shall be presented by the claimant or by a person acting on his behalf and shall show: [¶] (a) The name and post office address of the claimant; [¶] (b) The post office address to which the person presenting the claim desires notices to be sent; [¶] (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted; ... and [¶] (f) The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed."

[8]We note that in ruling that the 5-day extension of Code of Civil Procedure section 1013 does not apply to the 20-day time limit within which to request a trial after filing

Additional examples of judicial acceptance of substantial compliance with statutory standards abound, such as: the content of affidavits supporting a claim against the estate of a decedent pursuant to Probate Code section 705 (*United States Fid. & Guar. Co. v. Keck* (1946) 75 Cal.App.2d 828, 831 [171 P.2d 731]); a general plan adopted by a county according to state planning and zoning laws under Government Code section 65000 et seq. (*Camp v. Board of Supervisors* (1981) 123 Cal.App.3d 334, 348 [176 Cal.Rptr. 620]); the requirements for service of summons upon a corporation in accordance with section 412.30 of the Code of Civil Procedure (*Cory v. Crocker National Bank* (1981) 123 Cal.App.3d 665, 667 [177 Cal.Rptr. 150]; *Schering Corp. v. Superior Court* (1975) 52 Cal.App.3d 737, 741 [125 Cal.Rptr. 337]); the notice of completion required to shorten the time within which a claim of mechanics lien may be filed under Civil Code section 3093 (*Gary C. Tanko Well Drilling, Inc. v. Dodds* (1981) 117 Cal.App.3d 588, 594-595 [172 Cal.Rptr. 829]); the written specification of reasons for granting a new trial pursuant to Code of Civil Procedure section 657 (*La Manna v. Stewart* (1975) 13 Cal.3d 413, 422 [118 Cal.Rptr. 761, 530 P.2d 1073]; *Herman v. Shandor* (1970) 8 Cal.App.3d 476 [87 Cal.Rptr. 443]); the notice requirements for a project determined to be exempt from the California Environmental Quality Act with which a local public agency must comply under Public Resources Code section 21152 (*International Longshoremen's & Warehousemen's Union v. Board of Supervisors* (1981) 116 Cal.App.3d 265, 272-273 [171 Cal.Rptr. 875]); the requirements of Code of Civil Procedure section 587 for affidavits filed in support of an application by a plaintiff for entry of default (*Stevenson v. Turner* (1979) 94 Cal.App.3d 315, 318 [156 Cal.Rptr. 499]); the affidavit requirements of section 685 of the Code of Civil Procedure imposed upon a spouse for recovery of support arrearages due beyond a period of 10 years (*Leiden v. Hudson* (1979) 95 Cal.App.3d 72, 75-76 [156 Cal.Rptr. 489]); and the content requirements of a notice of appeal (Cal. Rules of Court, rule 1(a); *Estate of Roberson* (1952) 114 Cal.App.2d 267, 270 [250 P.2d 179]).

While the Legislature has expressly declared that it intended mandatory arbitration to serve as a "simplified and economical . . . resolution of . . . disputes" (Code Civ. Proc., §§ 1141.10, subd. (b)(1)), 1141.20 and Rules of Court 1615(c) and 1616(a) were added to provide that a

---

of an arbitration award, the court in *Amoroso v. Superior Court, supra*, 89 Cal.App.3d 240, analogized to the filing provisions of the claims act. (*Id.*, at pp. 242-243.)

"party who is dissatisfied with the arbitration award is free to take the action to trial." (*Trump* v. *Superior Court, supra,* 118 Cal.App.3d 411, 415.) Accordingly, in our view the purpose of the 20-day limitation imposed by section 1141.20 and rules 1615(a) and 1616(a) is served by a combined form of notice which, in substance, promptly and adequately informs both the court and any adverse party of the intent to elect a trial de novo. (*City of San Jose* v. *Superior Court, supra,* 12 Cal.3d 447, 456; *Gary C. Tanko Well Drilling, Inc.* v. *Dodds, supra,* 117 Cal.App. 3d 588, 594.)

We find nothing in section 1141.20 or the applicable Rules of Court to indicate that only strict compliance will be tolerated. On the contrary, since the purposes and policies of the laws may be satisfied by substantial compliance, we adopt that test here. (*People v. Peterson* (1973) 9 Cal.3d 717, 722-723 [108 Cal.Rptr. 835, 511 P.2d 1187]; *People* v. *Turner* (1976) 54 Cal.App.3d 500, 504 [126 Cal.Rptr. 652].)

■ "'Substantial compliance, as the phrase is used in decisions, means *actual* compliance in respect to the substance essential to every reasonable objective of the statute,' as distinguished from 'mere technical imperfections of form.'" (*Camp* v. *Board of Supervisors* (1981) 123 Cal.App.3d 334, 348 [176 Cal.Rptr. 620]; see also *Stasher* v. *Harger-Haldeman* (1962) 58 Cal.2d 23, 29 [22 Cal.Rptr. 657, 372 P.2d 649].)
■ Here, appellants' "Rejection of Arbitrator's Award" sufficiently alerted both the trial court and respondents to appellants' election under Rules of Court 1615(c) and 1616(a) to take the case to trial. It was promptly filed and its intent was clear. We thus conclude that the rejection substantially complied with the rules governing a request for a trial after arbitration, making the trial court's entry of judgment erroneous.[9]

---

[9]We consider the present appeal as from the judgment entered upon the arbitrator's award, rather than the order denying appellants' motion to set aside judgment, under the rule that a notice of appeal can be liberally interpreted to apply to an existing appealable order or judgment in the absence of any prejudice to respondent. (Cal. Rules of Court, rule 1(a); *Vibert* v. *Berger* (1966) 64 Cal.2d 65, 68 [48 Cal.Rptr. 886, 410 P.2d 390].) We do this despite the direction in Code of Civil Procedure section 1141.23 that an arbitrator's award entered in the judgment book "is not subject to appeal . . . ." This is so because section 1141.23 also declares that an arbitrator's award should be entered and given "force and effect as a judgment" only "[i]f there is no request for a de novo trial . . . ." We have found the request for trial sufficient here, and thus conclude that appeal was properly taken from the erroneously entered judgment. This conclusion makes it unnecessary for us to consider appellants' claim that a motion to set aside a judgment entered upon an arbitrator's award is proper under section 473 of the Code of Civil Procedure.

The judgment is vacated and the case is remanded to the superior court with directions to restore the cause to the civil active list pursuant to California Rules of Court rule 1616(a).

Racanelli, P. J., and Martin, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.