[No. B001878. Second Dist., Div. Five. Oct. 10, 1984.]

STEVEN G. DOBRICK, Plaintiff and Appellant, v.
JAMES F. HATHAWAY, JR., et al., Defendants and Respondents.

## COUNSEL

Richard P. Guluzza for Plaintiff and Appellant.

Ira Reiner, City Attorney, John T. Neville, Senior Assistant City Attorney, and Richard M. Helgeson, Assistant City Attorney, for Defendants and Respondents.

## OPINION

**FEINERMAN, P. J.**—Plaintiff, Steven G. Dobrick, appeals from an order which: (1) denied his motion to confirm and enter an arbitration award as a final judgment; and (2) dismissed plaintiff's complaint as to all defendants for failure to bring the matter to trial within the statutorily prescribed time limit. (Code Civ. Proc., § 583, subd. (b).)[1]

The appeal presents the following issues: First, was there substantial evidence sufficient to support a finding that notice of request for trial de novo, following judicial arbitration, was duly served? We find that there was not such evidence. Having so concluded, we must determine whether a request for trial de novo, timely filed, but not properly served, was sufficient either to: (a) terminate the tolling of the five-year statute which commenced when the matter was referred to arbitration (§ 1141.17); or (b) prevent the arbitration award from becoming final (§ 1141.20).

The case involves a lengthy series of procedural errors and oversights, necessitating an extensive and precise statement of procedural facts.[2]

### BACKGROUND FACTS

Plaintiff filed his complaint for personal injuries against the City of Los Angeles and its employee, James F. Hathaway, Jr., on March 8, 1977. At the time he was represented by the law firm of Lewis & Marenstein. On May 13, 1981, trial was set for October 22, 1981. Mandatory settlement conference was set for October 1, 1981. On that date, the trial date was vacated and the matter was referred for arbitration. On November 6, 1981, a notice of substitution of attorney was duly filed and served, substituting Richard P. Guluzza for plaintiff's original attorneys. Guluzza represented plaintiff at the arbitration which took place June 8, 1982. An arbitration

---

[1]All statutory references are to the Code of Civil Procedure.

[2]The record on appeal consists of an appellant's appendix in lieu of clerk's transcript, which is supplemented by a respondents' appendix. In addition, we have reviewed the entire superior court file, which we caused to be lodged with this court pursuant to rule 12(a) of the California Rules of Court.

award in plaintiff's favor for $6,000 was rendered on June 18, 1982, and served on Guluzza by the arbitrator. The arbitration award was filed on June 23, 1982. On June 25, 1982, defendants filed a request for trial de novo. (§ 1141.20.) The request was erroneously served by defendants on plaintiff's former attorneys, rather than on Guluzza, and proof of service on the former attorneys was filed with the court.

On July 15, 1982, Guluzza filed a memorandum of costs and disbursements. On August 3, 1982, the clerk of the superior court sent notice of trial setting conference to plaintiff's former attorneys. No such notice was sent to Guluzza, although on the same day, August 3, the clerk sent Guluzza a notice re his memorandum of costs advising him that no judgment had yet been posted to the register of actions and that Guluzza would have to notify the clerk's office when judgment was entered in order to have his cost bill processed.

Unaware of the trial setting conference, which was scheduled for September 7, 1982, counsel for plaintiff made no appearance on that date.[3] The trial setting conference order form recites that the trial setting conference was taken off calendar and the case dismissed pursuant to section 583, subdivision (a). So far as appears in the record, neither this document, nor the formal order of dismissal, was served on any party.

### PLAINTIFF'S MOTION TO VACATE DISMISSAL

On February 28, 1983, plaintiff noticed a motion to vacate the order of dismissal, pursuant to section 473. This motion was supported by the affidavit of Guluzza,[4] which recited the procedural history of his substitution as attorney of record; his representation of plaintiff in the arbitration; improper service of the request for trial de novo on the prior attorney; absence of service on him of either the request for trial de novo or the notice of the trial setting conference; his nonappearance at the conference due to lack of notice; and lack of service of the order of dismissal.

Guluzza's affidavit further alleged: ". . . I was aware that payment of the Arbitration Award by Defendant, City of Los Angeles, may take some time. After a few weeks and through my inquiries, I became aware that a Trial De Novo was being sought. Accordingly, I contacted the office of the Arbitration Administrator to inquire as to how long it would take to put this matter back on the civil trial calendar. The response I received was that it could possibly be a few months. When a few months past [sic] and I did not receive any notices, I personally went to check the court file, only to

---

[3]Furthermore, there is no record in the superior court file of any appearance by defendants on that date.

[4]This affidavit was dated February 27, 1983.

find that the case had been dismissed and the file was in the archives. Upon review of the file in the archives, I discovered all the notices and subsequent occurrences leading to the aforesaid dismissal to which I was previously unaware."

In opposition to the motion to vacate the dismissal, defendants submitted the affidavit of Chestine Barnes,[5] a secretary in the Los Angeles City Attorney's office, which alleged that she had been instructed on June 23, 1982, by Deputy City Attorney Rick Curcio to file a request for trial de novo in Dobrick v. Hathaway et al., and that she did so on June 25, 1982, erroneously serving a copy on plaintiff's former attorney.

Barnes further alleged: "On July 12, 1982, Mr. Curcio informed me of my error and instructed me to send a copy of the request to plaintiff's new attorney, Richard P. Guluzza. I did so on July 13, 1982. A copy of Mr. Curcio's instruction to me about mailing said copy, and my notation that I did so, is attached hereto as Exhibit 'A' and is incorporated herein by references."

The "Exhibit 'A'" to which the affidavit refers consists of the following handwritten memo: "7/12/82: *Chestine*: we sent the Notice of trial *de novo* to old atty: [plaintiff's] atty is Richard P. Guluzza, w/ address as written on envelope. [¶] Please send him copy of our request for trial de novo & proof of service. Thanks [signed by] Rick"

There is the following notation on the memo in a different handwriting: "Done 7/13/82." There is no copy of the referenced envelope purportedly containing Guluzza's address anywhere in the file.

On March 16, 1983, following a hearing, the court granted plaintiff's motion to set aside the dismissal and ordered the matter restored to the civil active list. After the court orally announced its ruling, counsel for defendants stated, "I think the five years under 583(B) [*sic*] ended some time ago." The court stated that no such issue was before it, although another motion might be appropriate. Guluzza then asked: "Is it possible to get a trial setting date now since we have a problem with the five-year statute? . . . And a trial . . . ." The court said, "No," and scheduled a trial setting conference for May 2, 1983. On that date trial was set for August 29, 1983.

On May 19, 1983, defendants filed a motion to dismiss pursuant to section 583, subdivision (b) for failure to bring the matter to trial within five years.[6]

---

[5]This affidavit is dated March 7, 1983.

[6]On May 19, 1983, defendants also filed a stipulation which was dated May 3, 1983, and signed by counsel for both parties, providing that if the five-year statute had not expired by May 2, 1983, it was to be extended to September 12, 1983, without prejudice to the granting of defendants' contemplated motion to dismiss, if a basis for that motion existed as of May 2, 1983.

On May 27, 1983, plaintiff filed a motion to confirm and enter the arbitration award as a final judgment. Opposition was filed to both of these motions. On June 12, 1983, the court denied plaintiff's motion to confirm and enter the arbitration award as a final judgment and granted defendants' motion to dismiss pursuant to section 583, subdivision (b). This appeal followed.

DEFENDANTS' MOTION TO DISMISS UNDER CODE OF CIVIL PROCEDURE SECTION 583, SUBDIVISION (b)

Defendants' motion to dismiss under section 583, subdivision (b) alleged that the complaint was filed on March 8, 1977, that had the matter not been referred to arbitration, plaintiff would have had until March 7, 1982, to bring it to trial; so that when the matter was referred to arbitration on October 1, 1981, there were a total of 157 days remaining of the 5 years. Defendants argue that since the reference to arbitration tolled the statute until the filing of the arbitration award,[7] plaintiff had 157 days from June 23, 1982, or until November 27, 1982, to bring the matter to trial; but since November 27, 1982, fell on a Saturday, defendants concede plaintiff had until November 29, 1982, to bring the case to trial.[8]

Defendants further asserted that they became aware of their error in serving the wrong attorney on July 12, 1982, and mailed a copy of the request for trial de novo to Guluzza on July 13, 1982. This allegation was contained in an affidavit of Deputy City Attorney McConnell, who did not assert any personal knowledge of this mailing having taken place. The address to which the notice was mailed was not alleged. No affidavit of proof of service accompanied the motion to dismiss. No reference was made to the earlier affidavit of Chestine Barnes which was filed as part of the opposition to plaintiff's motion to vacate the earlier dismissal. Rather, defendants relied on the portion of Guluzza's February 27, 1983, affidavit, quoted above, in which he stated that "[a]fter a few weeks and through my inquiries, I became aware that a Trial De Novo was being sought."

Plaintiff's opposition to defendants' motion to dismiss contained an affidavit by Guluzza, dated June 6, 1983, in which he twice avers that he was not served with the request for trial de novo.

---

[7]This was a correct statement of the law as it existed at the time the trial court ruled on the motion to dismiss. (§ 1141.17.) That statute has since been amended to provide that the five years toll until a request for trial de novo is filed. (Stats. 1983, ch. 123, § 3, p. 203.)

[8]Since the weekend afforded plaintiff an extra two days, even under defendants' calculations, we need not quibble over whether plaintiff would have had until March 7 or March 8 to bring the matter to trial, absent the arbitration proceeding.

### Plaintiff's Motion to Confirm Arbitration Award

Plaintiff's motion to confirm and enter the arbitration award as a final judgment was grounded upon the allegation that defendants had failed to file *and serve* their request for trial de novo within the 20-day period provided for by section 1141.20 and rule 1616(a), California Rules of Court, and that the arbitration award therefore became final by operation of law. (§ 1141.23; rule 1615(c), Cal. Rules of Court.) This motion was supported by an affidavit from Guluzza, dated May 27, 1983, in which he again avers that he was not served with notice of request for trial de novo. He declares that he "became aware that a Trial De Novo was being sought only after several weeks or possibly months (the exact date is unknown) well outside the twenty day period within which Defendants were required to notice and serve me, the Attorney of Record, pursuant to C.C.P. 1141.20 and California Rules of Court 1615(c) and 1616(a)."

In support of their opposition to the motion to confirm and enter the arbitration award, defendants provided a new affidavit from Chestine Barnes, dated June 2, 1983, wherein she asserted for the very first time that she had mailed the July 13, 1982, notice to Guluzza at 18344 W. Sierra Highway, Canyon County, California 91351, which was the correct address of record in July 1982. The affidavit refers to Deputy City Attorney Curcio's July 12, 1982, memo, which it identifies as "Exhibit 'A,' " and asserts that a copy is attached to the affidavit. The record reflects the fact that no such copy is attached to the affidavit.[9]

### Sufficiency of the Evidence to Establish Proper Service of Notice of Request for Trial De Novo

There was no court reporter present at the combined hearing on plaintiff's motion to confirm the arbitration award and defendants' motion to dismiss; nor was there any statement of reasons given in the minute order ruling on the two motions. We will, however, assume that the trial court believed Barnes' statements that she sent the notice to Guluzza on July 13, 1982, and that the court further found, based on Barnes' affidavits, that service was duly made.

---

[9]The trial court, however, could have taken judicial notice of the copy which was attached to Barnes' earlier affidavit in opposition to plaintiff's motion to vacate the original dismissal.

■ In determining whether the evidence is sufficient to support such a determination, we must not only accept as true all factual findings which are not inherently improbable (*People* v. *Huston* (1943) 21 Cal.2d 690, 693 [134 Cal.Rptr. 758]), but must also draw all reasonable inferences in support of the judgment which the facts are capable of sustaining. (*Board of Education* v. *Jack M.* (1977) 19 Cal.3d 691, 697 [139 Cal.Rptr. 700, 566 P.2d 602].) It is with these principles in mind that we examine the evidence contained in Barnes' affidavits.

■ Her first affidavit failed to allege the address to which the notice was sent. It referred to a memo, which in turn referred to an envelope, but the envelope was not made part of the record. The omission was fatal. Assuming that Barnes sent the notice to the address on the envelope, absent the envelope or an averment as to what the address was, the address to which the notice was sent is not reasonably inferable. Barnes' first affidavit was thus insufficient as a matter of law to establish service on Guluzza.

Barnes' June 2, 1983, affidavit does allege the address to which the notice was sent. How Barnes was able to recall the address nearly 11 months after the event is not explained. There is no allegation that the envelope from which it presumably was taken was preserved. In fact, the envelope is not adverted to at all. There is no allegation that she refreshed her recollection by reviewing the city attorney's files or through other means.

It is not reasonably inferable that Barnes could have recalled the address without refreshing her recollection. In fact, it would tax credulity to the point of inherent improbability to assume that she did so. Absent an explanation of how she determined on June 2, 1983, what address she sent the notice to on July 13, 1982, there is a fatal factual gap in Barnes' second affidavit as well.[10]

There is, however, an even more basic flaw in defendants' efforts to establish service of process. ■ Effective service of process by mail requires strict compliance not only with section 1013, but also with section 1013a. Strict compliance is required, and failure to comply deprives the court of jurisdiction. (*West* v. *West* (1979) 92 Cal.App.3d 120, 124 [154 Cal.Rptr. 667]; *Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 485 [37 Cal.Rptr. 489].)[11] Examination of the superior court file establishes that

---

[10]The affidavit of Deputy City Attorney McConnell, being totally conclusory and not containing an averment of personal knowledge, was even less substantial evidence than Barnes' affidavits.

[11]Earlier cases which held that it was the fact of service, rather than the proof of service which vested the court with jurisdiction (*Morrissey* v. *Gray* (1911) 160 Cal. 390 [117 P. 438]; *In re Newman* (1888) 75 Cal. 213 [16 P. 887]), antedated enactment of section 1013a.

proof of service was never filed. Defendants do not even contend that proof of service on Guluzza was ever prepared.

■ Barnes' first affidavit could not qualify as proof of service since, amongst other things, it fails to allege the address to which the notice was sent. Barnes' second affidavit does not satisfy the requirements of section 1013a since it contains no averment that Barnes is over 18 and not a party to the action. It would not, in any event, be timely. (Rule 1616(a), Cal. Rules of Court.)

Thus, we conclude that the evidence is insufficient to sustain a finding that the request for trial de novo was properly served.

WAS FILING OF THE REQUEST FOR TRIAL DE NOVO, ABSENT PROPER SERVICE OF PROCESS, SUFFICIENT TO PREVENT THE ARBITRATION AWARD FROM BECOMING FINAL BY OPERATION OF LAW?

Section 1141.20 provides that an arbitration award shall be final "if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court." Rule 1616(a), of the California Rules of Court provides: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, *with proof of service* of a copy upon all other parties appearing in the case. The 20-day period within which to request trial may not be extended." (Italics added.)

■ Defendants argue that the Judicial Council lacks authority to adopt rules which contradict the provisions of the statute. (*Apollo Plating, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1019 [186 Cal.Rptr. 12].) They further argue that since section 1141.20 does not require proof of service, it was not necessary for them to file proof of service in order to establish their right to a trial de novo.

In enacting the judicial arbitration act (§ 1141.10 et seq.), the Legislature provided: "Notwithstanding any other provision of law except the provisions of this chapter, the Judicial Council shall provide by rule for practice and procedure for all actions submitted to arbitration under this chapter. The Judicial Council rules shall provide for and conform with the provisions of this chapter." (§ 1141.14.)

■ It is axiomatic that notice and an opportunity to be heard are the most basic and crucial elements of due process. ■ Therefore, we cannot assume from the Legislature's silence on the subject of notice in section 1141.20, that it meant to dispense with the need for it. Rather, we assume

that the task of providing for the mechanics of service was delegated to the Judicial Council pursuant to section 1141.14. Far from contradicting section 1141.20, rule 1616(a) implements section 1141.20 by providing an essential rule of practice and procedure.

■ Defendants further argue that all that is required to establish their right to trial de novo is "substantial compliance" with section 1141.20 and the related rules of court. (*Hanf* v. *Sunnyview Development, Inc.* (1982) 128 Cal.App.3d 909 [180 Cal.Rptr. 718].) Their argument is correct as far as it goes, but it does not go far enough. *Hanf* holds that the purpose of section 1141.20 and of rule 1616(a) is satisfied by a ". . . form of notice which, in substance, promptly and adequately informs both the court and any adverse party of the intent to elect a trial de novo." (*Id.,* at p. 916.) *Hanf* thus recognizes that notice is an essential element of substantial compliance.

■ Defendants also contend that their failure to properly serve plaintiff was immaterial since, by his own admission, Guluzza learned of the request for trial de novo "a few weeks" after it was filed. The argument overlooks the requirements of rule 1616(a) that proof of service be filed, that filing be within 20 days, and that the time cannot be extended. Moreover, there is no competent evidence in the record that Guluzza learned of the request for trial de novo within the 20-day limit imposed by section 1141.20 and rule 1616(a), California Rules of Court. He expressly denied learning of it within that space of time in his May 27, 1983, affidavit. The fact that he filed his memorandum of costs and disbursements on July 15, 1982, two days after the twenty-day period expired, provides independent corroboration of that claim.

Absent compliance with the proof of service requirements of rule 1616(a), defendants' request for trial de novo was ineffective and the arbitration award became final by operation of law. (§ 1141.20.) The clerk of the superior court was required to enter the award as a judgment upon the expiration of 20 days. (§ 1141.23; rule 1615(c), Cal. Rules of Court.) The trial court erred in denying plaintiff's motion to confirm and enter the arbitration award as a final judgment.

## FIVE-YEAR STATUTE

■ Our conclusion that the request for trial de novo was defective renders moot defendants' contention that the case was subject to dismissal under section 583, subdivision (b). Obviously, a notice inadequate to prevent the arbitration award from becoming final was likewise inadequate to terminate the tolling of the statute provided for in section 1141.17. The trial court erred in granting defendants' motion to dismiss.

The judgment is reversed. The cause is remanded with instructions to grant plaintiff's motion to confirm and enter the arbitration award as a final judgment.

Ashby, J., and Hastings, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 2, 1985.