[No. E001397. Fourth Dist., Div. Two. May 12, 1986.]

CLIFFORD LUM et al., Plaintiffs and Appellants, v.
MISSION INN FOUNDATION, INC., et al.,
Defendants and Respondents.

## COUNSEL

Mann & Roth and Diane Catran Roth for Plaintiffs and Appellants.

Hillsinger & Costanzo, Donald I. MacKay and Lynn E. Iba for Defendants and Respondents.

## OPINION

**KAUFMAN, J.**—Plaintiffs Clifford Lum and La Vana Newton sued defendants Mission Inn Foundation, Inc., Redevelopment Agency of the City of Riverside, and Douglas Shackelton for damages arising from a fire in plaintiffs' apartment at the Mission Inn in Riverside. The matter was submitted to mandatory arbitration pursuant to Code of Civil Procedure, section 1141.10 et seq.[1] On May 24, 1984, the arbitrator filed his award finding plaintiffs should recover nothing against defendants.

On June 1, 1984, plaintiffs filed with the superior court clerk a request for trial de novo. The request was filed well within the 20-day period then prescribed by section 1141.20, subdivision (a), and California Rules of Court, rule 1616 (a).[2] However, apparently through a secretarial error, plaintiffs' counsel failed to serve defendants with the request or attach any proof of service to the request filed with the superior court as required by rule 1616 (a) (see fn. 2, *ante*). As it turned out, however, defendants' counsel received actual notice on June 8, 1984, when, after receiving from the court clerk a notice of trial setting conference, he telephoned the clerk and learned the request for trial de novo had in fact been filed.

---

[1] All further statutory references will be to the Code of Civil Procedure unless otherwise specified.

[2] At the time of the arbitration award in this suit, California Rules of Court, rule 1616(a) provided in relevant part: "Within 20 days after the arbitration award is filed with the clerk of the court, any party may request a trial by filing with the clerk a request for trial, *with proof of service of a copy upon all other parties* appearing in the case." (Italics added.)

Code of Civil Procedure, section 1141.20, then read: "An arbitration award shall be final if a request for a de novo trial *is not filed* within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." (Italics added.)

The statute and rule have since been amended to provide, effective January 1, 1985, a 30-day period within which to request a trial de novo.

Thus, defendants obtained actual notice of the request for trial de novo before the 20-day statutory period expired, and defendants candidly concede they were not prejudiced by plaintiffs' failure to serve them. Nevertheless, defendants moved to dismiss the action on account of plaintiffs' failure to comply with the proof of service requirement set out in rule 1616(a). The court granted the motion, the action was dismissed and this appeal followed.

Plaintiffs contend the court abused its discretion in dismissing the action because of their failure to serve a copy of the request for trial on defendants and attach a proof of service to the request for trial filed with the court, when it uncontrovertedly appears defendants obtained actual notice of the request before the expiration of the 20-day statutory period and admittedly suffered no prejudice. Defendants contend the court properly held plaintiffs to strict compliance with the proof of service requirement of rule 1616(a). We conclude plaintiffs are correct.

## Discussion

In granting the motion to dismiss, the court stated: ". . . I am regarding this as the sort of jurisdictional procedure that we have in new trial motions and so on. Strict compliance with the terms is required . . . ." ▮ We conclude the failure to attach a proof of service to the request for trial was not a jurisdictional defect in view of the fact defendants obtained actual knowledge of the filing of the request for trial within the 20-day statutory period.

In the first place we observe that the statute enacted by the Legislature does not expressly include the requirement, found in rule 1616(a), that a proof of service upon all other parties be appended to the request for trial filed with the court. ▮ ▮ Although we are certain that court rules and even statutes require service of a copy of any document filed with the court to be served on all adverse parties and attachment of a proof of service to the copy filed with the court, and while we agree with the court in *Dobrick v. Hathaway* (1984) 160 Cal.App.3d 913, 922-923 [207 Cal.Rptr. 50] that the proof of service requirement found in rule 1616(a) is not inconsistent with section 1141.20, we do not believe the Judicial Council was empowered to or intended to impose on litigants a *jurisdictional* prerequisite to obtaining a trial de novo which was not prescribed by the Legislature itself. In this regard we observe that section 1141.14, which authorizes the Judicial Council to promulgate rules for practice and procedure in respect to compulsory arbitration, expressly provides that it may do so "[n]otwithstanding any other provision of law *except the provisions of this chapter,*" and concludes: "The Judicial Council rules shall provide for and *conform with the provisions of this chapter.*" (Italics added.)

Moreover, the proof of service requirement is not jurisdictional in the accepted sense of the word. The action had been filed long since and the defendants had been served with the summons and complaint or made a general appearance, so the court was vested with and had long since assumed jurisdiction over both the subject matter and the parties. Of course, had no request for trial de novo been filed with the court within 20 days, the arbitration award would have become final. (§ 1141.20; see *Usher* v. *Soltz* (1981) 123 Cal.App.3d 692, 697, 698-699 [176 Cal.Rptr. 746].) *But here the request was timely filed with the court.* The only omissions were the failure to serve a copy of the request on counsel for defendants and to attach a proof of service to the request filed with the court.[3]

 The determination of what results flow from those omissions must involve a consideration of the purpose of the proof of service requirement, whether or not that purpose was fulfilled by defendants' obtaining actual notice of the request within the statutorily prescribed time, and the nature and significance of the rights that would be lost as a result of the clerical-type error.

It is simplest to start with the nature and significance of the rights to be lost. When a litigant fails to request trial following arbitration, the rights waived are the right to trial by the court or by a jury, as well as the right to appeal. (*Alvarado* v. *City of Port Hueneme* (1982) 133 Cal.App.3d 695, 705 [184 Cal.Rptr. 154]; see *Fox Industrial Realty* v. *Dio Dix, Inc.* (1982) 136 Cal.App.3d 787, 791 [186 Cal.Rptr. 449].) Access to the courts is a right of a fundamental nature (*Boddie* v. *Connecticut* (1971) 401 U.S. 371, 376-377 [28 L.Ed.2d 113, 118-119, 91 S.Ct. 780, 785]; *Payne* v. *Superior Court* (1976) 17 Cal.3d 908, 914 and cases there cited, 917 [132 Cal.Rptr. 405, 553 P.2d 565]). The right to jury trial is, of course, guaranteed both by statute (§ 592) and by the California Constitution (Cal. Const., art. I, § 16).

Though compulsory arbitration is a highly valuable adjunct to dispute resolution (§ 1141.10, subd. (a)), we must not lose sight of where we are coming from. In the beginning was the right to adjudication in the courts. The admirable objective of establishing a preliminary "simplified and eco-

---

[3]Although no fault is to be ascribed to the clerk of the court or opposing counsel in respect to the matter, we cannot help but observe the obvious: Had the clerk noticed the lack of a proof of service and refused to accept the request for filing on June 1, plaintiffs' attorney would have been alerted to the error and would have had approximately 13 days in which to effect service by mail, attach a proof of service and file the request. Indeed, when counsel for defendants learned of the request on June 8, had he telephoned counsel for plaintiffs to complain of not being served a copy of the request, there still remained about five days in which the omission could have been timely corrected.

nomical procedure for obtaining prompt and equitable resolution" of disputes (§ 1141.10, subd. (b)(1)) was obviously not intended to supplant the right, ultimately, to have disputes resolved by the courts. (See § 1141.20; *Alvarado* v. *City of Port Hueneme, supra,* 133 Cal.App.3d at p. 705; see also *Hebert* v. *Harn* (1982) 133 Cal.App.3d 465, 470 [184 Cal.Rptr. 83]; *Hanf* v. *Sunnyview Development, Inc.* (1982) 128 Cal.App.3d 909, 915-916 [180 Cal.Rptr. 718].) Manifestly, the important rights of access to the courts, jury trial and appeal should not be lost as a result of clerical-like errors in complying with procedural requirements, unless that result is absolutely compelled. (See *Alvarado* v. *City of Port Hueneme, supra,* 133 Cal.App.3d at p. 705; *Byram* v. *Superior Court* (1977) 74 Cal.App.3d 648, 654 [141 Cal.Rptr. 604], and authorities there cited.)

We turn to a consideration of the purpose of the proof of service requirement. ■ While no authority has been brought to our attention which attempts to explain the purpose of the proof of service requirement found in rule 1616(a), the purpose is rather obvious. It is to give notice to the adverse parties that they may not rely on the arbitration award because the requesting party is not satisfied with it and has elected to proceed to plenary trial of the matter as permitted by section 1141.20. (Cf. *Dobrick* v. *Hathaway, supra,* 160 Cal.App.3d at p. 923.) ■ The court, of course, is notified by the filing of the request. Where, as here, the request has been filed within the statutorily prescribed time and the adverse party has obtained within the statutory time actual notice the request was timely filed, the purpose of the proof of service requirement has been entirely fulfilled. That being so and defendants having admitted they were not prejudiced in any way by the omission, dismissal of the action was improvident. (Cf. *Hanf* v. *Sunnyview Development, Inc., supra,* 128 Cal.App.3d at p. 914; also cf. *Fox Industrial Realty* v. *Dio Dix, Inc., supra,* 136 Cal.App.3d at p. 791; *Alvarado* v. *City of Port Hueneme, supra,* 133 Cal.App.3d at pp. 703-705.)

We do not view *Dobrick* v. *Hathaway, supra,* 160 Cal.App.3d 913 as inconsistent with our conclusions. First of all, *Dobrick* is factually distinguishable on a fundamental point. In that case the attorney for the party resisting trial de novo did not obtain actual notice within the statutorily prescribed period that a request for trial had been filed. It is possible the result in *Dobrick* might have been different had the adverse party obtained actual notice. (Cf. *Dobrick, supra,* 160 Cal.App.3d at p. 923.) The court in *Dobrick* seemed willing to accept the notion that in a proper case the doctrine of "substantial compliance" might apply but declined to apply it in that case because, as it stated, "notice is an essential element of substantial compliance" and the plaintiff obtained no notice. (*Id.*) Here, of course, defendants did get actual notice within the statutory time that the request for trial had been filed.

## *Disposition*

For the reasons stated, the judgment is reversed with directions to the superior court to restore the cause to the civil active list.

Rickles, Acting P. J., and McDaniel, J., concurred.