[No. D004983. Fourth Dist., Div. One. Sept. 28, 1987.]

Conservatorship of the Person of JEFFREY WYATT.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent, v.
JEFFREY WYATT, Objector and Appellant.

COUNSEL

Leo W. Wilson, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Chief Deputy County Counsel, and Mark C. Mead, Deputy County Counsel, for Petitioner and Respondent.

OPINION

HUFFMAN, J.*— Jeffrey Wyatt appeals an order reestablishing a conservatorship of his person after the trial court denied his motion to dismiss the reestablishment petition for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

A one-year conservatorship for Wyatt was established on August 19, 1985. In June 1986 Dr. Ronald P. Rae and Dr. Michael Walsh recommended Wyatt's conservatorship be reestablished. The San Diego County Department of Social Services (County) then filed a petition to reestablish the conservatorship. Copies of the petition and notice of hearing were mailed to Wyatt at the Edgemoor psychiatric facility where Wyatt was residing, and were also mailed to the superintendent of Edgemoor, to Wyatt's attorney and to Wyatt's parents.

* Assigned by the Chairperson of the Judicial Council.

Wyatt, through his attorney, filed a motion to dismiss the reestablishment petition, arguing County had failed to fulfill any of the procedural requirements to reestablish the conservatorship. At the hearing on the motion, Wyatt denied having received either the citation for conservatorship or the petition to reestablish, but admitted receiving the notice of hearing from his attorney. Joanne Willadsen, an employee at the public conservator's office, testified she prepared the citation, the petition, and the notice of hearing for the reestablishment of Wyatt's conservatorship. Willadsen also testified she prepared the proof of service for these documents so they could be deposited in the mail by the office staff. Although she did not personally deposit them in the mail, as a matter of routine procedure the documents were mailed on their file date and the fact of their mailing was recorded in a login book.

The court denied Wyatt's motion to dismiss the reestablishment petition on jurisdictional grounds, finding service by mail is adequate notice on a reestablishment petition, the proof of service here was sufficient to establish Wyatt was properly served with the reestablishment documents, and in any event, the court has continuing jurisdiction on reestablishment matters.

After hearing testimony from the examining psychiatrist that Wyatt was unable to provide for his own food, clothing and shelter and was unable or unwilling to accept voluntary treatment for his schizophrenia, the court reestablished Wyatt's conservatorship. Wyatt appeals, contending the court was without jurisdiction to reestablish the conservatorship over him because (1) personal service of the reestablishment documents was required; and (2) the proof of service by mail here was insufficient to establish Wyatt was properly served with the reestablishment documents.

## Discussion

### I

San Diego County Superior Court Rules, rule 5.90 provides: "Notice of the petition to reappoint the conservator shall be served by the conservator on the conservatee, the conservatee's attorney and counselor in mental health, at least 15 days prior to the date of the hearing thereon. Said notice shall be served personally or by first class mail, postage prepaid." Wyatt asserts this rule allowing service by mail conflicts with both legislative enactments and constitutional standards and is therefore without force of law.

Welfare and Institutions Code section 5350, which authorizes mental health conservatorships, specifically provides division 4 of the Probate

Code procedurally controls the establishment, administration and termination of the conservatorship except in certain enumerated circumstances not relevant here. Probate Code section 1824 states: "The citation and a copy of the petition shall be served on the proposed conservatee at least 15 days before the hearing. Service shall be made in the manner provided in Section 415.10 or 415.30 of the Code of Civil Procedure or in such manner as may be authorized by the court." Thus, a reestablishment petition can be served personally (Code Civ. Proc., § 415.10), by mail with return receipt acknowledged (Code Civ. Proc., § 415.30) or in another manner as authorized by the court (Prob. Code, § 1824). Through rule 5.90, the superior court chose to provide for first class mail delivery of the reestablishment petition. Contrary to Wyatt's assertion, such provision for service does not conflict with Probate Code section 1824, but is specifically allowed by it.

Wyatt contends rule 5.90 fails to provide assurance of actual notice to the proposed conservatee contrary to California's Jurisdiction and Service of Process Act (Code Civ. Proc., §§ 410.10-418.10). He asserts service by mail should only be allowed if service imparting actual notice cannot reasonably be made. However, due process does not require *actual* notice, but only a method reasonably certain to accomplish that end. (*Mullane* v. *Central Hanover Tr. Co.* (1950) 339 U.S. 306, 319 [94 L.Ed. 865, 876, 70 S.Ct. 652]; *Banas* v. *Transamerican Title Ins. Co.* (1982) 133 Cal.App.3d 845, 851 [184 Cal.Rptr. 262].) In reestablishment proceedings, the whereabouts of the conservatee is known by the County when the notice of a petition to reestablish is mailed and thus, service by mail is substantially as likely to result in receipt of the notice as is an acknowledgment of receipt.

Moreover, Welfare and Institutions Code section 5362 provides the conservatee as well as his attorney and the professional in charge of the facility in which the conservatee resides shall be notified, in person or by first class mail, of the impending expiration of the conservatorship at least 60 days before the expiration date. The statutory notice of termination also informs the recipients they will be notified if the conservator decides to proceed with reappointment and that they may request a court hearing or jury trial to contest the continuing need for a conservatorship. If a reestablishment is deemed necessary, rule 5.90 requires notice be served personally or by first class mail on the conservatee, the conservatee's attorney and the counselor in mental health at least 15 days before the date of the reestablishment hearing. The requirements that notice be provided at several different procedural steps and that the service of notice at each of these steps be made on others intimately involved with both the conservatee and the conservator-

ship process, are designed to ensure a proposed conservatee is reasonably likely to be actually informed of a pending reestablishment proceeding.[1]

II

Having determined personal service of conservatorship reestablishment documents is neither statutorily nor constitutionally required, we next address Wyatt's contention County failed to strictly comply with the requirements of Code of Civil Procedure section 1013[2] regarding proof of service. Wyatt asserts no evidence exists that he was served with the reestablishment petition and therefore, the court had no jurisdiction to order his conservatorship reestablished.

Code of Civil Procedure section 1013a, subdivision (1) provides that proof of service by mail may be made by "[a]n affidavit setting forth the exact title of the document served and filed in the cause, showing the name and residence or business address of the person making the service, showing that he or she is a resident of or employed in the county where the mailing occurs, that he or she is over the age of 18 years and not a party to the cause, and showing the date and place of deposit in the mail, the name and address of the person served as shown on the envelope, and also showing that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid." A proof of service that such mailing occurred raises a presumption the mailing was received by the addressee. (*Forslund* v. *Forslund* (1964) 225 Cal.App.2d 476, 486 [37 Cal.Rptr. 489].)

Here, the declaration of service by mail complies with the requirements of Code of Civil Procedure section 1013a, subdivision (1). Willadsen, the County employee who prepared the reestablishment documents, testified she also prepared the proof of service by mail and, as is the custom and practice in her office, the documents were mailed by the office mail clerk on their file date and recorded as having been mailed.

Wyatt asserts this is inadequate to raise the presumption he received the documents because the person who executed the proof of service did not

[1] Although Wyatt claims he did not receive a copy of the petition to reestablish conservatorship, he admits he did in fact receive notice of the pending reestablishment proceeding from his attorney. Thus, Wyatt was actually informed of the pendency of the proceeding in compliance with due process requirements. (See *Mullane* v. *Central Hanover Tr. Co., supra,* 339 U.S. at pp. 314-315 [94 L.Ed.2d at pp. 873-874].)

[2] Code of Civil Procedure section 1013 provides in part: "(a) In case of service by mail, the notice or other paper must be deposited in a post office, mailbox, sub-post office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served. . . ."

strictly comply with Code of Civil Procedure section 1013 by *personally* depositing the documents in the mail. Although we agree with Wyatt there must be strict compliance with the statutory requirements for the presumption to apply (*Dobrick* v. *Hathaway* (1984) 160 Cal.App.3d 913, 921 [207 Cal.Rptr. 50]), "[t]he rule of 'strict compliance' is satisfied by substantial, without literal, compliance. . . ." (*Douglas* v. *Janis* (1974) 43 Cal.App.3d 931, 937 [207 Cal.Rptr. 50].) Here, the County employee prepared the documents for mailing and delivered them to the person who regularly deposits mail. Neither Code of Civil Procedure sections 1013, 1013a nor common sense required Willadsen, inconsistent with her duties as a County employee, to go to the post office or find a mailbox so that she could personally deposit the documents in the mail. By causing the documents to be mailed, Willadsen substantially complied with the proof of service requirements of Code of Civil Procedure section 1013a. Thus, the presumption Wyatt received the documents applies. Because Wyatt failed to rebut that presumption, we conclude he was properly served with the reestablishment documents.

Even if the proof of service here were insufficient to establish Wyatt was served with the required documents, the court had jurisdiction to hear the reestablishment matter. Wyatt's initial conservatorship was from August 19, 1985, to August 19, 1986. During that period, the court had continuing jurisdiction. (See *Browne* v. *Superior Court* (1940) 16 Cal.2d 593, 599 [107 P.2d 1, 131 A.L.R. 276] [court retains continuing jurisdiction over guardianship until guardian is discharged].) Even a temporary interruption in the chain of conservatorship does not extinguish the appointing court's continuing jurisdiction. (See *In re Gandolfo* (1984) 36 Cal.3d 889, 896, fn. 2 [206 Cal.Rptr. 149, 686 P.2d 669].) When, on August 12, 1986, Wyatt went before the court on the reestablishment petition, the court had jurisdiction over him.

## Disposition

Order affirmed.

Kremer, P. J., and Butler, J., concurred.