Filed 3/30/15

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| SIMPLON BALLPARK, LLC, | D062901 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2011-00084777-CU-FR-CTL) |
| JOHN SCULL, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Frederic L. Link, Judge.  Affirmed.

Higgs, Fletcher & Mack and John M. Morris for Plaintiff and Appellant.

Stephen M. Hogan for Defendant and Respondent.

Code of Civil Procedure section 1013a sets forth three methods for a party to prove service by mail.  (Undesignated statutory references are to the Code of Civil Procedure.)  Subdivision (3) of section 1013a governs the method of service where correspondence is placed in an outgoing mail bin from which it is picked up, combined with other outgoing mail and then deposited with the United States Postal Service

(USPS) that same day in the ordinary course of business. (Undesignated subdivision references are to section 1013a.) Service under subdivision (3) is presumed invalid if the postmark is more than one day after the date of deposit for mailing contained in the proof of service declaration.

In this case, a party sought to invoke the presumption of invalidity to show the trial court lacked jurisdiction to rule on posttrial motions. We hold that the presumption set forth in subdivision (3) is a rebuttable presumption affecting the burden of producing evidence that must be affirmatively invoked by the party seeking to invalidate the service. We conclude the party seeking to invalidate the service did not affirmatively invoke the issue below. Accordingly, we reject the argument presented by the appellant and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Simplon Ballpark, LLC (Simplon) sued John Scull for breach of fiduciary duty. After a bench trial, the court issued a statement of decision and entered a judgment in favor of Simplon. On June 21, 2012, the court clerk served by mail the statement of decision and judgment. (All date references are to 2012.)

Scull filed a series of posttrial motions, including for judgment notwithstanding the verdict (JNOV). Thereafter, Simplon objected to and moved to strike Scull's posttrial motions on the ground they were untimely filed and served. Specifically, Simplon's counsel noted the court's register of actions indicated a filing date of July 9 and although the proof of service for the posttrial motions stated the motions were served by mail on July 6, the envelope containing the posttrial motions was postmarked July 9. Simplon

2

argued in objections and requests to strike that the trial court lacked jurisdiction to rule on the posttrial motions based on the untimely filing and service. In its opposition points and authorities, Simplon withdrew its objection to the extent it claimed the motions had been untimely filed, but argued the motions were still untimely "because the facts show that Scull did not serve [them] until three days later on July 9 . . . and the Court has no jurisdiction to entertain this Motion. *See*, Cal. Civ. Proc. Code § 1013(a)." Scull argued that his motions were timely filed and served on July 6.

The trial court heard oral argument on the posttrial motions. It started the hearing stating it "read every piece of paper that's been submitted." During the hearing, Simplon's counsel argued the motions were untimely "as . . . the file stamp date is three days past the alleged date of service" and the issue was jurisdictional. The trial court stated it would "get into the jurisdiction if you want me to," but Simplon's counsel transitioned back to the merits. After hearing argument on the posttrial motions, the trial court granted Scull's JNOV motion. The trial court never expressly ruled on Simplon's objections and motions to strike. The trial court filed an amended judgment vacating its earlier statement of decision and entering judgment in favor of Scull. Simplon timely appealed.

DISCUSSION

I. *Summary of the Law and Issues Presented*

The time to file a JNOV or new trial motion is jurisdictional. (*Palmer v. GTE California, Inc.* (2003) 30 Cal.4th 1265, 1271.) If such a motion is untimely, the court has no jurisdiction to rule on it and the order granting the motion is void. (*Ruiz v. Ruiz*

3

(1980) 104 Cal.App.3d 374, 379; *Douglas v. Janis* (1974) 43 Cal.App.3d 931, 935-936.)

This appeal presents the question whether Scull timely served his posttrial motions. A JNOV motion must be made within the time period specified for the filing and serving of a new trial motion under section 659. Subdivision (a) of section 659 provides the following: "The party intending to move for a new trial *shall file with the clerk and serve upon each adverse party a notice of his or her intention to move for a new trial . . . [w]ithin 15 days of the date of mailing notice of entry of judgment by the clerk of the court pursuant to Section 664.5 . . . ."  (Italics added.)

Service by mail must be made in strict compliance with the mandates of sections 1013 and 1013a.  (*Lee v. Placer Title Co.* (1994) 28 Cal.App.4th 503, 509; *Dobrick v. Hathaway* (1984) 160 Cal.App.3d 913, 921.)  Section 1013 provides that for service by mail, the correspondence must be "deposited in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the [USPS], in a sealed envelope, with postage paid, addressed to the person on whom it is to be served" and that "[s]ervice is complete at the time of the deposit."

Section 1013a sets forth three methods for a party to prove service by mail. All three subdivisions require an affidavit or certificate "setting forth the exact title of the document served and filed in the cause" and "showing the name and residence or business address of the person making the service."  (§ 1013a, subds. (1), (2) & (3).) Subdivisions (1) and (2) set forth the method for service where the declarant actually puts the correspondence in a mailbox or takes it to the post office.  Under subdivision (1), the declarant must state "he or she is a resident of or employed in the county where the

4

mailing occurs" and "that he or she is over the age of 18 years and not a party to the cause." Under subdivision (2), the declarant must state "he or she is an active member of the State Bar of California and is not a party to the cause." Subdivisions (1) and (2) also require the declarant "show[] the date and place of deposit in the mail, the name and address of the person served as shown on the envelope" and "that the envelope was sealed and deposited in the mail with the postage thereon fully prepaid."

Subdivision (3) applies where the correspondence is placed in an outgoing mail bin from which it is picked up and combined with other correspondence for mailing that day. Under subdivision (3), the declarant must state that he or she is over the age of 18 years and not a party to the cause; he or she is readily familiar with the business' practice for collection and processing of correspondence for mailing with the USPS; that the correspondence would be deposited with the USPS that same day in the ordinary course of business; the name and address of the person served as shown on the envelope; the date and place of business where the correspondence was placed for deposit in the USPS; and that the envelope was sealed and placed for collection and mailing on that date following ordinary business practices. Critically, service under subdivision (3) "upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit."

The sole issue on appeal is whether the trial court had jurisdiction to rule on Scull's JNOV motion. Simplon contends the proof of service declaration shows Scull served the JNOV motion under subdivision (3). Simplon concedes the motion was timely

5

filed with the trial court on Friday, July 6. It argues the motion was untimely served because the proof of service declaration states the mailing occurred on Friday, July 6, but the envelope was postmarked on Monday, July 9, making the service invalid. To support this argument, Simplon presented a copy of the envelope in which the motion was served showing a postmark dated Monday, July 9.

This appeal is premised on the argument that Scull served his posttrial motion in compliance with the method of service described in subdivision (3) and that the service is invalid because the "postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing" contained in the declaration. We requested further briefing on whether Scull served his posttrial motions in compliance with the method of service described in subdivision (1), citing the parties to the applicable Judicial Council Forms governing civil proofs of service, namely forms POS-030 and POS-040. Both parties submitted letter briefs, which we have considered. If Scull served his posttrial motions in compliance with the method of service described in subdivision (1), the postmark date on the envelope becomes irrelevant.

To ascertain whether Scull served his posttrial motions in compliance with the method of service described in subdivision (1) or (3), we turn to the proof of service declaration. In this document, Stephen M. Hogan (who happens to be Scull's attorney), declared as follows:

> "That I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and am not a party to the action; and I am employed in the County of San Diego, California, from within which county *I served the following document(s)*.
> [¶] . . . [¶]

6

"*I did so by placing for deposit in the [USPS]*, this same day a copy thereof in a separate sealed envelope with postage thereon fully prepaid for each addressee, addressed to each such addressee respectively as set forth below:

[¶] . . . [¶]

"My business address is 1133 Sixth Avenue, Suite 207, San Diego, CA 92101, I am readily familiar with this firm's practice for collecting and processing of correspondence for mailing with the [USPS], *and this mailing will be deposited with the [USPS] on this date in the ordinary course of business*."

"I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

"Executed on July 6, 2012"  (Italics added.)

Simplon argues the proof of service declaration does not show service under subdivision (1) because it does not show the "date and place of deposit" as required by subdivision (1) and does not confirm the documents were actually placed with or at the USPS.  Simplon argues the only reasonable inference is that service was under subdivision (3), as suggested by the last paragraph in the proof of service declaration.  Simplon asserts that service under subdivision (3) was untimely and the trial court lacked jurisdiction to rule on the JNOV motion.

Scull concedes that the proof of service declaration is not perfect, but argues it is sufficient to establish service under subdivision (1).  If there is any doubt whether service was under subdivision (1) or (3), Scull claims this uncertainty was addressed in his reply briefs below where his counsel argued that the motions were timely filed and served on July 6.  Assuming we conclude service was under subdivision (3), Scull notes that Simplon failed to file the required motion under subdivision (3), nor did it provide cogent argument and legal authority to the trial court to inform the court and Scull's counsel of the exact nature of any flaw in the proof of service declaration.  Had Simplon filed the

7

required motion before the posttrial motions were submitted for decision, the trial court could have addressed, and Scull could have cured, any flaw. Scull argues Simplon denied him a fair opportunity to be heard by raising its argument in vague objections claiming untimely service that never referenced the presumption of invalidity in subdivision (3). Rather, he notes that Simplon made only two passing references to subdivision (3) in its opposition briefs.

II. *Analysis*

A. Service was under Subdivsion (3)

To comply with subdivision (1), a proof of service declaration must show the correspondence was "deposited in the mail." In contrast, subdivision (3) requires that the proof of service declaration state "that the correspondence would be deposited in the [USPS]."

Here, the proof of service declaration states, "I served the following document(s) . . . I did so by placing for deposit in the [USPS]." This language suggests the declarant placed the correspondence in a location for *later* deposit with the USPS. This interpretation is supported by inclusion of the last paragraph which states, "[T]his mailing will be deposited with the [USPS] on this date in the ordinary course of business." This last paragraph is unnecessary for service of correspondence under subdivision (1).

Additionally, Simplon argues the proof of service declaration does not comply with subdivision (1) because it does not show "the date and place of deposit in the mail." Simplon is correct. Subdivision (1) requires the proof of service declaration show "the date and place of deposit in the mail." In contrast, subdivision (3) does not contain this

8

requirement and instead requires that the proof of service declaration show "the date and place of business where the correspondence was placed for deposit in the [USPS]." Here, the proof of service declaration does not show "the date and place of deposit in the mail" as required by subdivision (1); rather, it shows the date and place of business where the correspondence was placed for deposit in the USPS as required by subdivision (3).

We conclude the proof of service declaration is not ambiguous and clearly shows service under subdivision (3).

B. Simplon Did Not Properly Raise the Defect Below

Our fundamental task involving statutory interpretation " 'is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.]" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265; § 16 [courts generally construe words and phrases according to the context and the approved usage of the language].) "If there is no ambiguity in the language of the statute, 'then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs.' [Citation.] 'Where the statute is clear, courts will not "interpret away clear language in favor of an ambiguity that does not exist." [Citation.]' " (*Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268.) " 'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's

9

purpose, legislative history, and public policy.'" (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 388.)

We found no published authority addressing the meaning of the motion requirement or whether the presumption set forth in subdivision (3) is rebuttable. Although we find the language of the statute to be clear and unambiguous, we searched the legislative history to ascertain whether these issues were addressed. The Legislature added subdivision (3) by amendment in 1987. (Stats. 1987, ch. 190, § 1, enacting Assem. Bill No. 727 (1987-1988 Reg. Sess.).) Our independent research disclosed nothing in the legislative history on the issues before us. Thus, we turn to the statutory language.

Subdivision (3) states, in part that "[s]ervice made pursuant to this paragraph, *upon motion of a party served, shall be presumed invalid* if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit." (Italics added.) Thus, the plain language of subdivision (3) requires the party served to file a motion to invoke the presumption of invalidity. Section 1003 provides that "[a]n application for an order is a motion." Accordingly, the party served must request an order to invoke the presumed invalidity of service based on an evidentiary showing that the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in the affidavit.

Here, Simplon did not file a dedicated motion seeking such an order. Even assuming, without deciding, a dedicated motion is not required, we note Simplon's objections and motions to strike Scull's posttrial motions did not request such an order or

10

otherwise give Scull or the trial court sufficient notice of the issue presented or the relief requested. Rather, Simplon argued that the posttrial motions were untimely served and filed, noting the court's register of actions indicated a filing date of July 9 and although the proof of service for the posttrial motions stated that the motions were served by mail on July 6, the envelope containing the posttrial motions was postmarked July 9. Simplon never sought to invoke the presumption of invalidity or even cited section 1013a.

In its opposition points and authorities, Simplon conceded Scull's posttrial motions were timely filed, but argued the posttrial motions were still untimely "because the facts show that Scull did not serve [them] until three days later on *July 9* . . . and the Court has no jurisdiction to entertain this Motion. *See*, Cal. Civ. Proc. Code § 1013a(3)." This superficial argument is insufficient to put Scull or the trial court on notice that Simplon was requesting an order invoking the presumed invalidity of service. As we shall explain, this defect is fatal.

By statute, presumptions are either conclusive or rebuttable and every rebuttable presumption is either a presumption affecting the burden of producing evidence or a presumption affecting the burden of proof. (Evid. Code, § 601.) Evidence Code section 602 states the following: "A statute providing that a fact or group of facts is prima facie evidence of another fact establishes a rebuttable presumption." Subdivision (3) is such a statute as subdivision (3) provides the existence of a postal cancellation date or postage meter date on an envelope that is more than one day after the date of deposit for mailing contained in the proof of service affidavit is prima facie evidence of another fact—that the service is invalid. Thus, we hold subdivision (3) creates a rebuttable presumption.

11

We next address whether the rebuttable presumption is one that affects the burden of producing evidence or is a presumption that affects the burden of proof. (Evid. Code, § 601.) Evidence Code sections 603 and 604 address presumptions affecting the burden of producing evidence. Evidence Code section 603 provides the following: "A presumption affecting the burden of producing evidence is a presumption established to implement no public policy other than to facilitate the determination of the particular action in which the presumption is applied." "The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." (Evid. Code, § 604.) Applying the criteria in these two Evidence Code sections shows that the presumption established in subdivision (3) is a presumption affecting the burden of producing evidence as the purpose of the presumption is to facilitate the determination of the particular action in which the presumption is applied, not to carry out or effectuate some other public policy. (Compare, Evid. Code, §§ 605, 606 [addressing presumptions affecting the burden of proof].)

Having determined that the presumption created by subdivision (3) is a rebuttable presumption affecting the burden of producing evidence, the obvious purpose of the motion requirement is to seek an order invoking the presumption of invalidity and allow the party that made the service to present its own evidence to rebut the presumption of invalidity. Simplon's failure to file a motion or otherwise clearly indicate to the trial

12

court and Scull that it was seeking an order invoking the presumption of invalidity deprived the court and Scull of notice of the issue presented. Moreover, it deprived Scull the opportunity to present any evidence to rebut the presumption. Simplon did not present a fully developed argument seeking to invoke the presumption of invalidity until it filed the instant appeal. "'"[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court" and "[g]enerally, issues raised for the first time on appeal which were not litigated in the trial court are waived. [Citations.]"' [Citation.]" (*Bank of America, N.A. v. Roberts* (2013) 217 Cal.App.4th 1386, 1398-1399.)

In summary, we hold that Simplon forfeited reliance on the presumption of invalidity by failing to properly raise it below. Accordingly, the judgment is affirmed.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to his costs on appeal.

McINTYRE, J.

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

13