Filed 8/18/15

CERTIFIED FOR PUBLICATION

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| THE PEOPLE, | ) | No. BS 153534 |
| | ) | |
| Petitioner, | ) | Central Trial Court |
| | ) | |
| v. | ) | No. 4EA06331 |
| | ) | |
| THE SUPERIOR COURT OF | ) | |
| LOS ANGELES COUNTY, | ) | |
| | ) | |
| Respondent; | ) | OPINION |
| | ) | |
| MARIA SANCHEZ-FLORES, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

Petition for Writ of Mandate from an Order of the Superior Court of Los Angeles County, Central Trial Court, Rupa Searight Goswami, Judge.  Granted.

Jackie Lacey, District Attorney of Los Angeles County, by Phyllis C. Asayama, Deputy District Attorney, and Beth L. Widmark, Deputy District Attorney, for petitioner.

Ronald L. Brown, Public Defender of Los Angeles County, by Albert Menaster, Deputy Public Defender, for real party in interest.

\*   \*   \*

1

The issue presented in this petition for a writ of mandate is whether, in deferring sentence under Penal Code section 1001.94, respondent trial court abused its discretion by not ordering real party to "complete the same obligations that would have been imposed had judgment been entered." (§ 1001.94, subd. (f).)[1]  We find an abuse of discretion and accordingly grant petitioner relief.

BACKGROUND

Petitioner, the People of the State of California, charged real party in interest, Maria Sanchez-Flores, with violating section 330.1, subdivision (a), by unlawfully possessing or permitting the operation of a slot machine.  The complaint also alleged real party, within the meaning of subdivision (e) of the same statute, possessed more than one slot machine.  Real party, who was represented by counsel at all times, pled not guilty to the charges[2] and the cause was eventually placed on respondent's trial calendar.

On the date set for trial, real party changed her plea to no contest and requested diversion.  Respondent, petitioner and real party were in agreement that petitioner met the requirements of section 1001.94.  Petitioner sought to have respondent require real party to pay what she would have been required to pay had judgment been entered—a mandatory minimum fine of $2,000 plus all mandated penalty assessments.  Instead, respondent obtained a waiver from real party to sentence her outside the statutory period, and placed her on "formal diversion."  The court ordered real party to perform 150 hours of community service, to complete 75 of the required hours within six months and the balance within one year, to obey all laws and orders of the court, and to not incur any "new convictions" during the one-year period.  Respondent informed real party that if she failed to complete the 150 hours of community service, she would be placed on probation for three years and ordered to pay a fine of $2,000 plus penalty assessments.  Petitioner objected to respondent's order on the ground it was inconsistent with subdivision (f) of section 1001.94.  This timely petition followed the court's order.

DISCUSSION

---

[1]All unspecified statutory references are to the Penal Code.

[2]Although not reflected in the record, the parties agree that real party admitted she was in possession of two slot machines.

The issue before this court is one of statutory interpretation. We commence our analysis by first setting forth the standard of review, followed by an examination of the statutes at issue—sections 330.1 and 1001.94.

"Our fundamental task involving statutory interpretation "'is to determine the Legislature's intent so as to effectuate the law's purpose." [Citation.] "We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent." [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.]' [Citation.] 'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]"' [Citation.] "'If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" [Citation.]" (Ballpark, LLC v. Scull Simplon (2015) 235 Cal.App.4th 660, 667.)

Section 330.1, subdivision (a), makes it a misdemeanor offense to unlawfully possess slot machines or devices. The statutory scheme provides for escalating fines and/or imprisonment based on the defendant's prior convictions for the same crime and the number of machines or devices possessed at the time of the charged crime. For a first conviction, the statute provides the defendant shall pay a fine not exceeding $1,000 and/or serve no more than six months in custody. (§ 330.1, subd. (b).) However, when a defendant is convicted of possessing more than one slot machine, the statute requires a mandatory minimum fine of at least $1,000 and no more than $5,000 for each machine or device. (§ 330.1, subd. (e).) Thus, a person such as real party who is convicted for the first time of unlawfully possessing two slot machines would face a mandatory minimum fine of $2,000 and/or a jail sentence not exceeding six months. All fines are subject to various state-mandated penalty assessments, fines and fees.

Section 1001.94 established a three-year Deferral of Sentencing Pilot Program in Los Angeles County. (§§ 1001.94, subd. (a), 1001.99.) Under the statutory scheme, the court, over the objection of the prosecutor, may defer sentencing for a first-time misdemeanor defendant who has admitted guilt and who is not otherwise ineligible due to the existence of any disqualifying condition. (§§ 1001.94, subds. (b) & (d), 1001.98, subds. (a)-(h).) Sentencing may be deferred for a maximum of one year (§ 1001.94, subd. (b)), and the defendant is required to complete all conditions ordered by the court,

to make full restitution, and to comply with any protective, stay-away or do not possess any firearm orders (§ 1001.95). A defendant who successfully complies with the conditions of deferred entry is entitled to have his/her plea stricken and the action dismissed. (§ 1001.96, subd. (a).) With the exception of an application by the defendant to become a peace officer (§ 1001.96, subd. (c)), the arrest record and deferred sentencing are deemed to have never occurred. (§ 1001.96, subd. (b).) If, however, during the deferral period, the defendant fails to comply with the conditions or reoffends, "the court shall sentence the defendant as if deferral had not occurred." (§ 1001.97.)

The purpose of the statutory scheme is to "reduce the stigma that is often associated with a criminal record and to increase the likelihood that a defendant will be able to obtain employment." (§ 1001.94, subd. (d).) In enacting the Deferral of Sentencing Pilot Program, the Legislature declared it was its intent "that no new diversion programs are created, and that judges shall order a defendant, for whom judgment is deferred, to complete the same obligations that would have been imposed had judgment been entered." (§ 1001.94, subd. (f), italics added.)

Here, the legislative intent has been codified. The Legislature clearly and unequivocally stated its intent—namely, that the court shall order the defendant to complete the same obligations as though judgment had not been deferred. No ambiguity is present. Therefore, we are required to follow the literal meaning of the statute unless doing so would create absurd consequences not intended by the Legislature. (Sierra Club v. Superior Court (2013) 57 Cal.4th 157, 165-166.) The Legislature sought for defendants to avoid the moral obloquy, but not the obligations, attached to a criminal record, especially as it hinders access to employment.

Contrary to real party's argument, reversing the trial court order will not undermine the Legislature's intent. The clearly stated intent was to provide relief from conviction but not from the other obligations. Moreover, real party's interpretation of the statute gives no meaning to the words "judges shall order a defendant, for whom judgment is deferred, to complete the same obligations that would have been imposed had judgment been entered."

"It is a maxim of statutory interpretation that courts should give meaning to every word of a statute and should avoid constructions that would render any word or provision surplusage. [Citations.] 'An interpretation that renders statutory language a nullity is obviously to be avoided.' [Citation.]" (Tuolumne Jobs & Small Business Alliance v. Superior Court (2014) 59 Cal.4th 1029, 1038.) The parties are in agreement that, had judgment been entered and not deferred, respondent would have been required to order

4

defendant to pay a minimum $2,000 fine along with any required assessments, fines and fees. There is no other obligation the court was required to impose. Because the court's order did not comply with the statutory scheme, it cannot stand.

We do not find compelling real party's argument the order can be upheld on the theory it falls within the scope of the court's section 1385 discretionary power, as articulated in People v. Hernandez (2000) 22 Cal.4th 512, 522, to strike the fine in the absence of a "clear legislative directive to the contrary." This argument can be dismissed without resolving whether real party is correct that the mandatory minimum fine is subject to the court's discretionary power to not impose. Any exercise of discretion under section 1385 must be accompanied by a minute order which sets forth the reasons for the court's use of this extraordinary power. (People v. Bonnetta (2009) 46 Cal.4th 143, 150-151.) Here, because the court's actions were not pursuant to section 1385, there is no concomitant minute order.

DISPOSITION

A writ of mandate shall issue directing respondent Superior Court of Los Angeles County to vacate its January 7, 2015 deferred sentencing order.

_____
P. McKAY, P. J.

We concur:

_____          _____
B. JOHNSON, J.                                    DYMANT, J.*
*Retired judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.

5