Filed 1/22/16  RDI, Inc. v. Parsa CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RDI, INC., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MOHAMMED PARSA et al., <br><br> Defendants and Appellants. | B258088 <br><br> (Los Angeles County <br> Super. Ct. No. BS144522) |

APPEAL from an order of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Stephens Friedland and Todd G. Friedland; Alan S. Yockelson for Plaintiff and Respondent.

Ecoff Landsberg, Lawrence C. Ecoff, Yaron M. Tilles and Alberto Javier Campain for Defendants and Appellants.

Appellants Mohammed and Farifteh Parsa (collectively, the Parsas) appeal from an order compelling the sale of their residence to satisfy liens and encumbrances recorded against it, including a $707,818 judgment entered in favor of respondent RDI, Inc. (RDI). The Parsas claim that the trial court abused its discretion in ordering the sale because they held the residence in joint tenancy, not as community property. They thus contend that (1) Farifteh's interest in the residence should not have been sold to satisfy a judgment against Mohammed only, and (2) Mohammed's interest in the residence should not have been sold because its value did not exceed the liens against it.

We affirm. The Parsas first raised the issue of the form of title to the residence in an ex parte application to set an appellate undertaking, which the Parsas filed more than ten months *after* the hearing at which the trial court ordered the residence sold. The issue therefore was not properly presented to the trial court and, accordingly, it is forfeited on appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.

### Trial Court Proceedings

On August 14, 2013, RDI filed an application for order to sell dwelling and issuance of order to show cause why order for sale of dwelling should not be issued. RDI sought to sell a home owned by the Parsas, located at 11340 West Sunset Boulevard, Los Angeles, California (the residence), to satisfy a January 3, 2013 judgment against Mohammed in the amount of $707,818.34. RDI contended that there was sufficient equity in the residence to satisfy RDI's judgment because the fair market value of the residence was in excess of $4 million, and the outstanding liens against the property were approximately $2.4 million.

The Parsas opposed the application. They contended there was no equity in the residence because it was worth only about $2.26 million, and debts in excess of $3.3 million had been recorded against it. Specifically, they contended:

2

(1) The residence's value was approximately $2.26 million, based on an appraisal prepared by Alina Curtean, who valued the Parsas' five bedroom, 5,058 square foot residence with reference to four recent "comparable" sales: (1) a four bedroom, 4,115 square foot home, which sold for $2.3 million; (2) a three bedroom, 3,140 square foot home, which sold for $1.7 million; (3) a four bedroom, 4,823 square foot home, which sold for $3.2 million; and (4) a five bedroom, 4,005 square foot home, which sold for $2.59 million.

(2) There were two commercial mortgages against the property: a first mortgage in the principal amount of $2.15 million, and a second mortgage in the principal amount of $250,000.

(3) In 2000, Farifteh borrowed $399,000 and $375,000 from her parents. The loans were secured by, and recorded against, the residence. Mohammed declared he was "informed and believe[d] that when the home was refinanced [in 2006], the commercial lenders' liens were subordinated to my in-laws' liens. When my wife's parents passed away, the liens were transferred to my wife's aunt, who now holds the liens against our house. My wife and I have not paid back the loans which are currently payable to my wife's aunt."

RDI filed a reply to the Parsas' opposition, which attached documentary evidence relevant to the residence's market value and existing liens. That evidence included:

(1) An appraisal prepared by Emanuel Rubin valuing the residence at $3.6 million, based on five comparable sales: (1) a six bedroom, 4,966 square foot home, which sold for $3.65 million; (2) a five bedroom, 4,387 square foot home, which sold for $2.6 million; (3) a five bedroom, 4,701 square foot home, which sold for $4.35 million; (4) a five bedroom, 4,971 square foot home, which sold for $6.6 million; and (5) a five bedroom, 5,221 square foot home, which sold for $4.3 million.

(2) A preliminary title report, which showed the existence of the $2.15 million and $250,000 commercial liens, but did *not* show either of the liens claimed to exist in favor of Farifteh's parents or aunt.

(3)     Certified copies of deeds of trusts to Ladan Taleblee and Amir Yeganeh in the amounts of $375,000 and $399,000, respectively, *and* certified copies of two releases of obligation under deed of trust, dated July 24, 2006, stating that the obligations secured by both deeds of trust had "*been paid in full*" as of August 19, 2003.  (Italics added.)

(4)     A certified copy of a homestead declaration in favor of Mohammed Parsa in the amount of $175,000, recorded December 11, 2012.

(5)     An amended judgment in favor of RDI in the amount of $707,818.34, recorded April 1, 2013.

On October 15, 2013, the trial court continued the hearing on the application for sale to October 18, and ordered the appraisers hired by the parties "to appear and give testimony in an evidentiary hearing . . . to allow the Court to make a factual finding if there is equity in the dwelling to allow for its sale."  Following the October 18 hearing, the trial court issued an order as follows:

"The dwelling at issue is the home of Parsa and his family located [at] 11340 W. Sunset Boulevard, Los Angeles, California.  Based upon the papers filed by the parties, the Court concludes that the home has the following valid and recorded liens:

"1.     October 13, 2006:  $2.15 million in favor of MERS;

"2.     October 4, 2011:  $250,000 in favor of Pacific Premier Bank;

"3.     December 11, 2012:  Homestead Declaration in favor of Parsa, in the amount of $175,000 per [Code of Civil Procedure section] 704.730(a)(3)(A); and

"4.     January 3, 2013 Judgment in favor of RDI entered in [*RDI, Inc. v. Digital Spectrum Solutions, Inc. et al.*, Case No. 30-2009-00294527].

"Thus, the total of recorded encumbrances senior to RDI's judgment is $2.575 million.

"RDI argues that the home has a fair market value of $3.6 million, thereby justifying a sale.  Parsa, on the other hand, claims the fair market value is only

4

$2.26 million which he says is insufficient to permit a sale under [Code of Civil Procedure section] 704.780(b).[1]

"On October 18, 2013, the Court conducted an evidentiary hearing to determine the home's fair market value. Each side called an expert who was examined and cross-examined. Each expert prepared an appraisal report, information about the real estate market where the home is located and comparable sales and listings. Each expert ultimately gave their opinion as to the fair market value of the home. Having heard from these appraisers and having carefully analyzed all the evidence presented, the Court concludes that the fair market value of the home is at least $2.8 million.

"Accordingly, there is sufficient value in the home to order a sale pursuant to [Code of Civil Procedure section] 704.780(b)."

## II.

### Bankruptcy, Order for Sale, and Appellate Proceedings

Mohammed Parsa filed a Chapter 7 bankruptcy action on November 7, 2013, and filed notice of stay of the state court proceeding on November 8. RDI filed a motion for relief from the automatic stay; the bankruptcy court granted the motion on July 8, 2014.

The superior court entered an order for sale of dwelling on July 25, 2014. On August 7, 2014, the Parsas timely filed this appeal.[2]

On August 29, 2014, the Parsas filed in the trial court an ex parte application for order fixing amount of discretionary undertaking to stay enforcement on appeal. They asserted, among other things, that the sale order was improper because they held the residence in joint tenancy, and Farifteh was not a judgment debtor. Thus, they urged that

---

**1** Code of Civil Procedure section 704.780, subdivision (b), provides that in appropriate circumstances, "[t]he court shall make an order for sale of the dwelling subject to the homestead exemption, unless the court determines that the sale of the dwelling would not be likely to produce a bid sufficient to satisfy any part of the amount due on the judgment pursuant to Section 704.800."

**2** An order of sale of a dwelling to enforce a money judgment is an appealable order. (Code Civ. Proc., §§ 703.600, 704.830.)

Farifteh's interest in the residence was not subject to RDI's judgment and could not be sold to satisfy it. The Parsas also asserted that the value of Mohammed's one-half interest in the residence was less than the joint debt recorded against it. Finally, the Parsas requested that the trial court set a nominal undertaking amount, not to exceed $5,000.

RDI opposed the application. RDI urged that it was undisputed that the Parsas had been married for 28 years, purchased the residence in 1994, and refinanced it in 2006. The Parsas "cannot prove, and do not even argue, that the property is not a community property asset, purchased with, maintained, and supported by community funds." Further, the Parsas did not contend in their response to the October 15, 2013 order to show cause that the property was anything other than a community asset, and there was no evidence that the funds used to purchase and maintain the property were anything other than community property. Finally, in light of the value of the property and the length of time expected to resolve the appeal, RDI asked that the undertaking be set in the amount of at least $650,000.

The trial court denied the ex parte application on August 29, 2014, finding that the Parsas had made an "[i]nsufficient showing of emergency and factual basis for relief requested."

The Parsas filed a petition for writ of supersedeas with this court on September 3, 2014. We summarily denied the petition on September 9, 2014. According to RDI, the residence was sold on September 10, 2014.

## DISCUSSION

The Enforcement of Judgments Law, Code of Civil Procedure[3] sections 680.010-724.260), is "a comprehensive scheme governing the enforcement of civil judgments in California." (*California Coastal Comm. v. Allen* (2008) 167 Cal.App.4th 322, 326.) Section 704.740 permits the sale of a dwelling or "homestead" to satisfy a money judgment in appropriate circumstances. If the dwelling is owned by a judgment debtor as

---

[3] All subsequent statutory references are to the Code of Civil Procedure.

6

a joint tenant or tenant in common, "the interest of the judgment debtor in the dwelling and not the dwelling shall be sold." (§ 704.820.) Further, a sale shall not be ordered if the court determines that "the sale of the dwelling would not be likely to produce a bid sufficient to satisfy any part of the amount due on the judgment." (§ 704.780.)

The Parsas contend on appeal that the residence was held by Mohammed and Farifteh in joint tenancy. They thus contend that the order of sale violated the Enforcement of Judgments Law because: (1) RDI's judgment was against Mohammed only, and therefore Farifteh's interest in the residence should not have been sold; and (2) the value of Mohammed's one-half interest in the residence was significantly less than the value of the liens against it.

RDI responds that the Parsas raised the issue of the alleged joint tenancy for the first time in the ex parte application to set the amount of an appellate undertaking, more than ten months *after* the hearing at which the trial court ruled on RDI's request for a sale order. RDI thus contends that the Parsas did not timely raise the alleged joint tenancy issue in the trial court and have forfeited the right to raise it on appeal. For the reasons that follow, RDI is correct.

" 'In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court. [Citation.] "The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law." [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources "to address purported errors which could have been rectified in the trial court had an objection been made." [Citation.] In addition, it is inappropriate to allow any party to "trifle with the courts by standing silently by, thus permitting the proceedings to reach a conclusion in which the party could acquiesce if favorable and avoid if unfavorable." [Citation.]' " (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799-800 (*Dietz*), quoting *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407.)

7

The Parsas contend that they did not forfeit the issue of form of title because the issue "was presented to the trial court throughout the parties['] briefing." Not so. In response to RDI's assertion that the residence was a community asset, the Parsas did not contend otherwise or make any representations to the court about the form in which title was held, other than to say that as a result of a 2006 refinance, Mohammed and Farifteh "are currently jointly on title." Further, in opposition to the application for sale, the Parsas never suggested to the trial court that the form in which the property was held was a disputed factual issue or was in any way relevant to the merits of the sale application. This was insufficient to put the trial court or RDI on notice that the Parsas were challenging RDI's characterization of the residence as community property. (*See Simplon Ballpark, LLC v. Scull* (2015) 235 Cal.App.4th 660, 668 [bare factual assertion that posttrial motions were not timely served "is insufficient to put [moving party] or the trial court on notice that [opposing party] was requesting an order invoking the presumed invalidity of service."].)

The Parsas also claim that they could not have raised the joint tenancy issue in the trial court because "[t]he trial court did not allow the parties to present" any issues other than the property's fair market value. According to the Parsas, "The trial court limited the evidentiary hearing solely to the issue of fair market value and only allowed each party to present an appraiser expert. [Citation.] Given this narrow purpose[], [the Parsas] expected the trial court to make a determination as to title once, and only if, the trial court determined the fair market value of the property. The trial court committed reversible error by ordering the sale without allowing the parties to fully brief and present the issue of title to the property."

The Parsas' claim that the trial court limited the scope of evidentiary showing is both inaccurate and disingenuous. In opposition to the application for a sale order, the Parsas were free to advance any legal or factual theories they believed appropriate. The Parsas, *not* the court, made the decision to limit their opposition to the single ground that the liens against the residence exceeded its fair market value. Nothing the trial court said could reasonably have led the Parsas to believe that the court was in any way limiting the

8

grounds on which the Parsas could oppose the sale order, or that the court would give them a subsequent opportunity to brief and argue the issue of title.

Finally, the Parsas contend that their failure to raise the joint tenancy issue in the trial court did not forfeit the claim on appeal because the form of title is a legal issue that this court reviews de novo. The Parsas are correct that there are some exceptions to the duty to preserve claims in the trial court—"[f]or example, an appellate court has 'discretion to consider an issue not properly raised in the trial court, if it presents a pure question of law on undisputed factual evidence regarding either (1) a noncurable defect of substance such as lack of jurisdiction or failure to state a cause of action, or (2) a matter affecting the public interest or the due administration of justice.' (*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.* (1999) 70 Cal.App.4th 55, 67.)" (*Dietz*, *supra*, 177 Cal.App.4th at p. 800.) On the present record, however, the form of title is not a "pure question of law." Even if a husband and wife take title "by means of an instrument in form of a joint tenancy deed," the form of title reflected on the deed is not conclusive evidence that the property was held in joint tenancy: "[I]f it could be shown that the parties intended to hold the property as community, *that intent would prevail.* (*Estate of Baglione* (1966) 65 Cal.2d 192, 195; *Tomaier v. Tomaier* (1944) 23 Cal.2d 754.)" (*Schoenfeld v. Norberg* (1970) 11 Cal.App.3d 755, 760, italics added.) And, " '[i]t is for the trial court to determine whether a presumption or inference has been overcome by preponderating evidence. [Citations.]' [Citation.]" (*Abbett Electric Corp. v. Storek* (1994) 22 Cal.App.4th 1460, 1468.)

In the present case, because the Parsas never indicated in opposition to RDI's application for a sale order that they were seeking a finding that the residence was held in joint tenancy, not as community property, RDI was deprived of the opportunity to present any evidence relevant to the issue, and the trial court was deprived of the opportunity to resolve any factual disputes in the first instance. The form of title issue, therefore, is manifestly not an appropriate issue for us to consider for the first time on appeal. (See *Simplon Ballpark, LLC v. Scull*, *supra*, 235 Cal.App.4th at pp. 669-670 [where party failed to raise issue of rebuttable presumption in the trial court, appellate court would not

9

address it on the merits: "[Opposing party's] failure to file a motion or otherwise clearly indicate to the trial court and [moving party] that it was seeking an order invoking the presumption of invalidity [of service] deprived the court and [moving party] of notice of the issue presented. Moreover, it deprived [moving party of] the opportunity to present any evidence to rebut the presumption. [Opposing party] did not present a fully developed argument seeking to invoke the presumption of invalidity until it filed the instant appeal. ' " '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court' and '[g]enerally, issues raised for the first time on appeal which were not litigated in the trial court are waived.' " ' "].)

For all of these reasons, the Parsas forfeited their appellate contentions regarding the form of title.

## DISPOSITION

The order for sale of dwelling is affirmed. RDI shall recover its appellate costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.                                          JONES, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.