Filed 6/16/22  Eldereiny v. MGM Financial CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| MISBAH ELDEREINY,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>MGM FINANCIAL et al.,<br><br>    Defendants and Respondents. | D079553<br><br><br>(Imperial Super. Ct.<br>No. ECU001462) |

APPEAL from an order of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Reversed and remanded for further proceedings.

Misbah Eldereiny, in pro. per., for Plaintiff and Appellant.

Law Office of William S. Smerdon and William Scott Smerdon for Defendants and Respondents Ahmed Z. Fejleh and Wael Fejleh.

Misbah Eldereiny sued brothers Ahmed and Wael Fejleh for breaching a contract and causing emotional distress. The case was submitted to judicial arbitration under Code of Civil Procedure[1] section 1141.11, where the arbitrator returned a defense award. Although Eldereiny did not formally request a trial de novo within 60 days of the arbitration award (see § 1141.20, subd. (a); Cal. Rules of Court, rule 3.826(a)[2]), the court nonetheless set a trial date and notified the parties. Eldereiny responded by requesting to continue trial to explore possible mediation, and the trial court granted the continuance.

When the clerk thereafter entered judgment pursuant to the arbitration award (§ 1141.23), Eldereiny filed a set aside motion. Among other contentions, he claimed he substantially complied with the requirement to request trial de novo, rendering the judgment void. (§ 473, subd. (d).) The court denied his motion, and Eldereiny appeals. Concluding the record compels a finding of substantial compliance, we reverse and remand the case for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Eldereiny invested in a date palm growing operation run by the Fejleh brothers.[3] His close friend Ahmed explained that for a $1,000 investment per tree, he could reap returns of $5,000 in 9 or 10 years through sales of dates and mature palm trees. In 2007, Eldereiny invested in ten trees,

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

[2] Further undesignated rule references are to the California Rules of Court.

[3] To avoid confusion, we refer to Ahmed Fejleh by his first name and intend no disrespect.

offering free school tuition for Ahmed's two children worth $10,000. Four years later, Eldereiny invested in another 45 trees, paying $40,000 after a 5-tree discount.

A decade passed, but Eldereiny never received any share of the profits. When he approached Ahmed, he was told the companies had no money. Ahmed said that costs were higher and yields lower than expected. Eldereiny received a $25,000 check for a "Loan Payoff," but the check did not clear.

Searching the internet, Eldereiny learned that the Fejlehs were selling dates and date trees at substantial prices. He concluded he was owed $500,000 under the joint venture agreement. Refusing a payoff of $55,000, he sued the Fejleh brothers as well as their date growing and retail companies (MGM Financial, MGM Farms, AYA Farm, AYA Farms, and Westmorland Date Shake). The operative first amended complaint alleged breach of contract, breach of fiduciary duty, intentional infliction of emotional distress, and negligent infliction of emotional distress. Only the Fejleh brothers filed an answer. In October 2020, the court entered default against the corporate defendants.

The parties appeared for a case management conference in December, where the court referred the case to judicial arbitration. (See § 1141.11, subds. (a)−(b); Super. Ct. Imperial County, Local Rules, rule 3.5.0.) The arbitrator entered an award in favor of the Fejlehs on April 23, 2021, concluding there was insufficient evidence of breach or damages.

Roughly a month later, on May 27, Eldereiny received a copy of a court order setting trial and a trial management conference for July 2021. In response, he immediately filed an ex parte application to continue the trial date, indicating that he was not ready for trial and was "deeply thinking to be agreeable to mediation." Counsel for the Fejlehs filed a declaration of

3

nonopposition to continuing the trial date. On May 28, the court entered an order continuing the trial date and trial management conference to December 2021.

Somewhat inexplicably with a trial de novo date pending, on June 24 the clerk entered a judgment based on the arbitration award. (§ 1141.23.) Within a week, Eldereiny filed a motion to vacate the judgment. He argued he had substantially complied with the requirement to request a trial de novo, rendering the judgment void. (§ 473, subd. (d).) In the alternative, he claimed the judgment should be set aside for mistake or excusable neglect.[4]

Opposing the motion, the Fejlehs argued the record showed at most that Eldereiny was ignorant of the law and "took no steps to inform himself of the law" after receiving the arbitrator's unfavorable award. Attorney William Smerdon filed a declaration describing the parties' interactions throughout the course of litigation. He stated that on May 24, he was contacted by an attorney named Mitch Driskill. Driskill informed him that Eldereiny was considering retaining him to help mediate the dispute and asked if the Fejlehs were open to mediation. Smerdon confirmed with his clients and expressed willingness to mediate. Three days later, Eldereiny called and asked if the Fejlehs would agree to continue the trial date to facilitate mediation; Smerdon agreed. Smerdon declared that neither Eldereiny nor Driskill ever mentioned the arbitrator's award.[5]

---

[4] In his reply brief, Eldereiny also asserted the trial court lacked authority to send the case to arbitration given the amount in controversy, rendering the judgment "a nullity."

[5] Eldereiny offered additional facts in his reply brief that were not considered by the trial court. He explained that he initially contacted Driskill on May 24 to seek representation for trial. Driskill suggested mediation would be cheaper, prompting Eldereiny to file an ex parte

Following a hearing, the court denied the set aside motion, finding that Eldereiny failed to meet his burden to establish excusable neglect. In the court's view, Eldereiny's supporting declaration made a bare allegation of mistake, which was not enough. It made no attempt to address Eldereiny's argument that obtaining a continuance of a trial de novo date already set by the court substantially complied with the requirement that he request a trial de novo.

### DISCUSSION

Eldereiny reasserts the arguments raised below. As we explain, he substantially complied with the requirement to request trial de novo, rendering the judgment void. Because the set aside motion should have been granted on this basis under section 473, subdivision (d), we reverse.[6]

A. *Judicial arbitration awards are final and binding unless a party timely requests trial de novo, but the resulting judgment may be set aside under section 473.*

"The Judicial Arbitration Act ([ ] § 1141.10 et seq.) was enacted by the Legislature in 1978 as a means of coping with the increasing cost and complexity of litigation in civil disputes." (*Blanton v. Womancare, Inc.* (1985)

---

continuance request. Following the clerk's guidance, he asked Smerdon if the Fejlehs would consent to a continuance. In mid-June, he tried several times to reach Driskill to begin mediation. Driskill finally called back on June 29 and indicated the intervening judgment would need to be vacated first. As our outcome is the same without these facts, we find no need to rely on them.

[6] Because we conclude there was substantial compliance, we do not reach Eldereiny's alternative argument that his failure to request a trial de novo amounted to mistake or excusable neglect under section 473, subdivision (b). We likewise do not reach his additional claims that the court lacked a basis to require judicial arbitration (see *Sharples v. Chole* (1994) 29 Cal.App.4th 1213, 1220) or erred in refusing to enter default judgment as to the defaulted corporate defendants after judgment was entered in favor of the Fejlehs.

38 Cal.3d 396, 401, fn. omitted (*Blanton*).) It "mandates submission to arbitration of certain classes of at-issue civil actions where the amount in controversy is determined to be not in excess of a specified amount (§ 1141.11) . . . ." (*Blanton,* at p. 401.) As permitted, Imperial County adopted a local rule requiring judicial arbitration of all unlimited civil cases in which the court believes the amount in controversy will not exceed $50,000. (§ 1141.11, subd. (b); rules 3.811(a)(2), 3.812(d); Super. Ct. Imperial County, *supra,* rule 3.5.0.) After the hearing concludes, the arbitrator must file a written award in superior court determining "all issues properly raised by the pleadings, including a determination of any damages." (Rule 3.825(a); see § 1141.23.)

Unlike private contractual arbitration, judicial arbitration is not necessarily binding. "Recognizing that each party has a right to trial by jury guaranteed by article I, section 16, of the California Constitution, the Legislature has provided that any party that is dissatisfied with the arbitration award can elect to have a trial de novo." (*Phelps v. Stosad* (1997) 16 Cal.4th 23, 29.)[7] This opportunity "is what principally distinguishes court-annexed arbitration pursuant to the Judicial Arbitration Act from private arbitration conducted pursuant to the agreement of the parties and subject to the arbitration statute (§ 1280 et seq.)." (*Blanton, supra,* 38 Cal.3d at pp. 401–402.) Either party may elect to have a trial de novo as to both law and facts by requesting it within 60 days after the arbitrator files the award. (§ 1141.20; rule 3.826(a).) The Judicial Council has approved an optional form (ADR-102) for this purpose. Although the right to trial de novo must be

---

[7] The Act "encourage[s] parties to accept reasonable arbitration awards" by imposing additional costs if a party elects a trial de novo following judicial arbitration and does not obtain a more favorable judgment. (*Phelps v. Stosad, supra,* 16 Cal.4th at p. 29; § 1141.21.)

timely exercised, it is otherwise absolute. (*Herbert v. Harn* (1982) 133 Cal.App.3d 465, 470.)

If a party timely requests trial de novo, the arbitrator's award is vacated as if it never existed. (Rule 3.826(c); see *Southern Pacific Transportation Co. v. Mendez Trucking, Inc.* (1998) 66 Cal.App.4th 691, 695.) The case proceeds as provided under any applicable case management order; if there is no such order, a case management conference will be promptly scheduled. (Rule 3.826(b).) But if no request is filed by the 60-day deadline, the clerk has a ministerial duty to enter the arbitration award as a nonappealable judgment. (§ 1141.23; rule 3.827; see *Dorit v. Noe* (2020) 49 Cal.App.5th 458 ["If no party requests a trial de novo after the arbitration, the decision of the arbitrator becomes final and binding."].)

Although there is no right to appeal a judgment entered on a judicial arbitration award, "an appeal does lie from certain postjudgment orders, including . . . an order denying a motion to vacate or set aside the judgment." (*Karamzai v. Digitcom* (1996) 51 Cal.App.4th 547, 549–550.) A party may move to vacate the judgment within six months solely "upon one of the grounds set forth in . . . sections 473 or 1286.2(a)(1), (2), and (3)." (Rule 3.828(a).) The motion must be timely and supported by clear and convincing evidence. (Rule 3.828(b).) As relevant here, section 473, subdivision (d) provides a basis to set aside a *void* order or judgment.

B.  *Eldereiny substantially complied with the statutory requirement to request a trial de novo following entry of the arbitration award.*

It is undisputed that Eldereiny did not formally request trial de novo within 60 days after the arbitration award was entered. But he maintains that his continuance request, in light of court orders already setting a date

for a trial de novo, substantially complied with the statutory requirement.[8] As we explain, we agree with Eldereiny that he substantially complied, rendering the judgment void. (§ 473, subd. (d).)

The concept of "substantial compliance" is grounded in case law. In *Fox Industrial*, a defendant who lost at judicial arbitration filed an "at-issue memorandum" on advice from a court clerk rather than formally request trial de novo. (*Fox Industrial Realty v. Dio Dix, Inc.* (1982) 136 Cal.App.3d 787, 789 (*Fox*).) The clerk thereafter entered judgment based on the judicial arbitration award, and the defendant unsuccessfully moved to vacate. (*Id.* at p. 790.) In reversing that ruling, the appellate court explained that the judgment was void and a "nullity" to the extent the defendant substantially complied with the requirement to request trial de novo. (*Id.* at p. 791.) Substantial compliance meant actual compliance in substance despite technical shortcomings in form, and the at-issue memorandum met that standard:

> "In the case at bench defendant utilized a form (the at-issue memorandum) which was designed to inform the court, with notice to opposing parties, that the moving party wished to have his case placed on the civil list for trial. Defendant also apprised the court and opposing counsel that rule 1616 was the reason underlying the request to be placed on the list for trial. [¶] It seems clear to us that the at-issue memorandum was intended to be a request for trial de novo and rejection of the arbitrator's award, and that it achieved its purpose." (*Id.* at p. 792.)

---

[8] Although he argued below that substantial compliance rendered the judgment void, the trial court did not reach this claim. In any event, appellate courts independently assess whether a judgment is void. (See *Grados v. Shiau* (2021) 63 Cal.App.5th 1042, 1049.)

*Hanf v. Sunnyview Development, Inc.* (1982) 128 Cal.App.3d 909 (*Hanf*) reached a similar outcome. Defendants who lost in judicial arbitration filed a document captioned " 'Rejection of Arbitration Award.' " Although they served the filing on the plaintiff within the statutory deadline, the court entered judgment pursuant to the arbitration award and denied defendants' set aside motion. (*Id.* at pp. 911–912.) Examining the statutory scheme, the appellate court explained that the requirement to request trial de novo would be satisfied by a filing "which, in substance, promptly and adequately informs both the court and any adverse party of the intent to elect a trial de novo." (*Id.* at p. 916.) The "Rejection of Arbitration Award" met that standard, as it "sufficiently alerted both the trial court and [plaintiffs] to [defendants'] election . . . to take the case to trial. It was promptly filed and its intent was clear." (*Ibid.*) Because the filing "substantially complied with the rules governing a request for trial after arbitration, . . . the trial court's entry of judgment [was] erroneous." (*Ibid.*)

Applying those standards here, we conclude Eldereiny substantially complied with the requirement to request a trial de novo. On May 27, about a month after the April 23 arbitration award, he received a court order setting a trial date of July 14. He promptly responded with an ex parte request to continue the trial date to permit mediation. The Fejlehs received actual notice, as evidenced by the declaration of nonopposition. On May 28, the court continued the trial date and trial management conference to December. On these facts, Eldereiny's request for a continuance was designed to inform the court, with notice to the Fejlehs, that he rejected the arbitrator's award and wished to proceed to trial, at least if the matter could not be resolved by mediation. (See *Fox, supra,* 136 Cal.App.3d at p. 792; *Hanf, supra,* 128 Cal.App.3d at p. 916.)

9

The plan to mediate a dispute and, if mediation is unsuccessful, proceed to a trial de novo is entirely inconsistent with accepting the results of judicial arbitration. Until the clerk entered the arbitration award into judgment on June 28, all the parties and the court should clearly have understood that Eldereiny intended to take his case to trial after possible mediation. On these facts, the record compels a conclusion (on clear and convincing evidence, see rule 3.828(b)) that Eldereiny substantially complied with the requirement to request trial de novo.

Challenging this result, the Fejlehs claim "[t]here was nothing in the ex parte application for continuance expressing an intention to reject the arbitration award." They maintain that a continuance was requested to permit *mediation*, without expressing intent to reject the arbitrator's award and request trial de novo. But this argument ignores the May 25 chamber order (served on May 27) setting a trial date of July 14. On receiving this order, the subsequent request to continue trial to permit mediation can be viewed in no other way than as a rejection of the arbitration award and an intent to proceed to trial. Had Eldereiny accepted the arbitrator's award, there would be nothing to mediate or take to trial.

## DISPOSITION

The order denying Eldereiny's set aside motion is reversed. The clerk of the superior court is directed to enter a new order granting the motion under section 473, subdivision (d), vacating the judgment, and restoring the case to the civil active list. Eldereiny is entitled to recover his costs on appeal.


DATO, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

11